UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVINE HAT CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:16-CV-1132-CEJ |
| v. | ) | |
| | ) | |
| INNATE INTELLIGENCE, LLC, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PROFAX, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW Defendant Profax, Inc. ("Profax"), by and through the undersigned counsel, and for its Answer and Affirmative defenses to Plaintiff's First Amended Class Action Complaint ("Complaint"), states as follow:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is required, Profax denies the allegations.

2. Paragraph 2 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is required, Profax denies the allegations.

3. Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is required, Profax denies the allegations.

4. Paragraph 4 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is required, Profax denies the allegations.

5. Paragraph 5 of Plaintiff's Complaint is not directed to Profax, and, accordingly, no response is required.  To the extent any response is required, Profax denies the

allegations.

## JURISDICTION, VENUE AND PARTIES

6. Profax admits only that this Court has jurisdiction over it with respect to the allegations in this lawsuit.  Profax denies all remaining allegations of Paragraph 6.

7. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint, and on that basis denies them.

8. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint, and on that basis denies them.

9. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint, and on that basis denies them.

10. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint, and on that basis denies them.

11. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint, and on that basis denies them.

12. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint, and on that basis denies them.

13. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint, and on that basis denies them.

14. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint, and on that basis denies them.

15. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint, and on that basis denies them.

16. Profax lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 16 of Plaintiff's Complaint, and on that basis denies them.

17. Profax admits that it is a New York corporation with its principal place of business in New York. Profax admits that it transmitted the facsimile shown in Exhibit A to the Plaintiff, whose office, upon information and belief, is located in Missouri. Profax denies the remaining allegations, including the allegation that it "does business" in Missouri.

18. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint, and on that basis denies them.

19. Profax admits that this Court has jurisdiction over the matters alleged in Plaintiff's Complaint.

20. Profax admits that venue in this Court is proper with respect to the allegations in Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

21. The allegations in Paragraph 21 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required. To the extent any response is required, Profax denies the allegations.

22. Profax admits that it transmitted the facsimile shown in Exhibit A to the Plaintiff on the date alleged. Profax denies that the facsimile shown in Exhibit A constitutes an advertisement.

23. Profax admits that it transmitted Exhibit A to Plaintiff. Profax denies that it transmitted "other documents of the same form to Plaintiff and others via facsimile" or any other method.

24. Profax denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Profax denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Profax denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Profax denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Profax denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Profax admits that it transmitted the facsimile shown in Exhibit A to Plaintiff, whose office, upon information and belief, is located in Missouri. Profax denies that it transmitted the "Subject Faxes," and denies that it transmitted any facsimile to "recipients throughout the United States."

30. The allegations in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

31. The allegations in Paragraph 31 of Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

32. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Petition, and on that basis denies them.

33. To the extent Profax transmitted the facsimile shown in Exhibit A, it did so on behalf of and at the direction of Innate Intelligence, d/b/a Innate Wellness Centers, Gary Robert Eyler, and/or other defendants. Profax lacks information sufficient to form a belief as to whether it transmitted any of the remaining facsimiles Plaintiff has defined as the "Subject Faxes," but states that to the extent it did, it did so on behalf of and at the direction of Innate Intelligence, d/b/a Innate Wellness Centers, Gary Robert Eyler, and/or other defendants.

34. Profax lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint, and on that basis denies them.

35. Profax lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint, and on that basis denies them.

36. The allegations in Paragraph 36 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

37. The allegations in Paragraph 37 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

38. The allegations in Paragraph 38 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

39. The allegations in Paragraph 39 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

40. The allegations in Paragraph 40 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

41. The allegations in Paragraph 41 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

42. The allegations in Paragraph 42 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

43. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiff's Complaint, and on that basis denies them.

44. Profax denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Complaint, and on that basis denies them.

46. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiff's Complaint, and on that basis denies them.

47. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Complaint, and on that basis denies them.

## CLASS ALLEGATIONS

48. Profax denies the allegations in Paragraph 48 of Plaintiff's Complaint, including sub-paragraphs (a) through (c).

49. Profax denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Profax denies the allegations in Paragraph 50 of Plaintiff's Complaint, including sub-paragraphs (a) through (g).

51. Profax denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Profax denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Profax denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Profax denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Profax denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Profax denies the allegations in Paragraph 56 of Plaintiff's Complaint.

## COUNTS I – VII

57.-142. Counts I through VII are directed to defendants other than Profax, and, accordingly, no response by Profax is required. To the extent that any response by Profax is required, Profax denies all allegations.

## COUNT VIII
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C §227
(Directed to Profax, Inc.)

143. Profax incorporates, as if fully set forth herein, its answers to Paragraphs 1 through 142.

144. Profax admits that Plaintiff's Count VIII appears to be directed to Profax.

145.	The allegations in Paragraph 145 call for a legal conclusion, to which no response is required.  To the extent that any response is required, Profax denies the allegations.

146.	The allegations in Paragraph 146 call for a legal conclusion, to which no response is required.  To the extent that any response is required, Profax denies the allegations.

147.	Profax admits that it transmitted the facsimile contained in Exhibit A.  Profax lacks information sufficient to form a belief as to whether it transmitted any other facsimiles Plaintiff has defined as the "Subject Faxes."

148.	Profax denies the allegations in Paragraph 148 of Plaintiff's Complaint.

149.	Profax lacks information sufficient to form a belief to the truth of the allegations in Paragraph 149 and responds to sub-paragraphs individually, as follows:

(a)	Profax admits that it transmitted Exhibit A; with respect to the remainder of the facsimiles Plaintiff's has defined as the "Subject Faxes," Profax lacks information sufficient to form a belief as to the truth of the allegations in sub-paragraph (a).

(b)	Profax denies the allegations in sub-paragraph (b).

(c)	Profax denies the allegations in sub-paragraph (c).

(d)	Profax denies the allegations in sub-paragraph (d).

(e)	Profax denies the allegations in sub-paragraph (e).

(f)	Profax denies the allegations in sub-paragraph (f).

(g)	Sub-paragraph (g) calls for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

(h)	Profax denies the allegations in sub-paragraph (h).

(i)	Profax denies the allegations in sub-paragraph (i).

(j)	Profax denies the allegations in sub-paragraph (j).

 (k)  Profax denies the allegations in sub-paragraph (k).

 (l)  Profax denies the allegations in sub-paragraph (l).

 150. The allegations in Paragraph 150 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations. Profax specifically denies that it had any actual notice of any unlawful activity.

 151. The allegations in Paragraph 151 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

 152. The allegations in Paragraph 152 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

 153. Profax denies the allegations in Paragraph 153 of Plaintiff's Complaint.

 154. Profax denies the allegations in Paragraph 154 of Plaintiff's Complaint.

 155. Profax denies the allegations in Paragraph 155 of Plaintiff's Complaint.

 156. Profax denies the allegations in Paragraph 156 of Plaintiff's Complaint.

 157. Profax denies the allegations in Paragraph 157 of Plaintiff's Complaint.

 158. The allegations in Paragraph 158 call for a legal conclusion, to which no response is required. To the extent that any response is required, Profax denies the allegations.

### COUNT IX

 159.-174. Count IX is directed to a defendant other than Profax, and, accordingly, no response by Profax is required. To the extent that any response by Profax is required, Profax denies all allegations.

### COUNT X
### CONVERSION
(Directed to all Defendants)

 175. Profax incorporates, as if fully set forth herein, its answers to Paragraphs 1

through 174.

176. Profax denies the allegations in Paragraph 176 of Plaintiff's Complaint.

177. Profax lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of Plaintiff's Complaint.

178. Profax denies the allegations in Paragraph 178 of Plaintiff's Complaint.

179. Profax denies the allegations in Paragraph 179 of Plaintiff's Complaint.

180. Profax denies the allegations in Paragraph 180 of Plaintiff's Complaint.

181. Profax denies the allegations in Paragraph 181 of Plaintiff's Complaint.

182. Profax denies the allegations in Paragraph 182 of Plaintiff's Complaint.

183. Profax denies the allegations in Paragraph 183 of Plaintiff's Complaint.

184. Profax denies the allegations in Paragraph 184 of Plaintiff's Complaint.

185. Profax denies the allegations in Paragraph 185 of Plaintiff's Complaint.

186. Profax denies the allegations in Paragraph 186 of Plaintiff's Complaint.

187. Profax denies the allegations in Paragraph 187 of Plaintiff's Complaint.

188. Profax denies the allegations in Paragraph 188 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defense, Profax asserts the following, without admitting any allegations contained in the Complaint, and without waiving its right to assert additional defenses, as appropriate:

189. Plaintiff fails to state a claim against Profax for which relief can be granted.

190. Plaintiff's claims against Profax are barred because Plaintiff did not suffer damages as a result of any action or inaction by Profax.

191. Plaintiff's claims against Profax are barred because Plaintiff's damages, if any,

were caused by the action or inaction of other defendants or other third parties, not Profax.

192. Plaintiff's claims against Profax are barred because any facsimile Profax transmitted did not constitute an unsolicited advertisements

193. Plaintiff's claims against Profax are barred because Profax did not demonstrate a high degree of involvement in or actual notice of any unlawful activity with respect to any facsimile it transmitted. Rather, Profax was a mere conduit of any facsimile it transmitted.

194. Plaintiff's claim for equitable relief, including its claim for injunctive relief, is barred because Plaintiff has an adequate remedy at law.

195. Plaintiff's lawsuit does not meet the requirements of Fed. R. Civ. Proc. 23, and may not properly be maintained as a class action.

WHEREFORE, Defendant Profax, Inc. prays that Plaintiff take nothing as a result of its Complaint and that this Court enter judgment in its favor and against Plaintiff, and for any other relief this Court deems just and proper.

Respectfully submitted,

Capes, Sokol, Goodman & Sarachan, P.C.

　　*/s/ Lauren R. Cohen*
MARK E. GOODMAN, MBE #22707
LAUREN R. COHEN, MBE #61772
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: 314.721.7701
Facsimile: 314.721.0554
goodman@capessokol.com
lcohen@capessokol.com
***Attorneys for Defendant, Profax, Inc.***

## **Certificate of Service**

  The undersigned does hereby certify that on this 24th day of February, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                  */s/ Lauren R. Cohen*