UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVINE HAT CO., on behalf of itself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16-cv-01132 SNLJ |
| INNATE INTELLIGENCE, LLC, et al., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

Plaintiff Levine Hat Co. filed this putative class action lawsuit against defendant Innate Intelligence LLC ("Innate") and Nepute Enterprises LLC ("Nepute") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On January 3, 2017, plaintiff amended the complaint to add an additional nine defendants, including the Bria defendants (Jeremy L. Bria, Bria Investments, LLC, JLB, Inc., and Well Adjusted Investments, LLC); the Eyler defendants (Gary Robert Eyler and Eyler Investments, LLC); and Pure Family Chiropractic LLC ("Pure"). Those three groups of defendants moved to dismiss for lack of personal jurisdiction. This Court held that it could not "exercise jurisdiction over the moving defendants based on their personal contacts with Missouri" and that it could only "assert personal jurisdiction over the moving defendants if" Innate were their alter ego. (#92 at 9.) The Court allowed plaintiff to conduct additional discovery to determine whether the three sets of defendants were subject to jurisdiction based on plaintiff's claim that Innate was their alter ego or

1

agent. The Court allowed the parties until September 18, 2017 to conduct discovery limited to the issue of personal jurisdiction and invited defendants to re-file their motions to dismiss after the close of discovery. The Bria defendants, Eyler defendants, and Pure re-filed their motions to dismiss for lack of personal jurisdiction. Plaintiff voluntarily dismissed the Bria defendants (#106). Plaintiff did not take any discovery during the allowed period, but it opposes the Eyler defendants' and Pure's motion to dismiss.

I. Background

The Court adopts its July 17, 2017 Order's recitation of the pertinent background:

On July 5, 2016, defendant Innate Intelligence, LLC, doing business as Innate Wellness Centers ("Innate"), sent plaintiff a fax advertising "a FREE Lunch 'n Learn on Stress Management for your employees." The following notice appears at the bottom of the fax:

> To opt out from future faxes go to www.removemyfax number and enter PIN# 17204, or call 800-321-4433. The recipient may make a request to the sender not to send any future faxes and failure to comply with the request within 30 days is unlawful.

[Doc. # 27-1]. Plaintiff alleges that the opt-out notice does not comply with the minimum requirements of 47 C.F.R. § 64.1200.

On July 12, 2016, plaintiff initiated this action, under the [TCPA], on behalf of itself and a purported nationwide class. Plaintiff initially proceeded against defendants Innate and [Nepute]. On January 3, 2017, plaintiff amended its complaint to name additional defendants, including the Bria defendants, the Eyler defendants, and Pure Family Chiropractic. Plaintiff alleges that the defendants are directly liable for violations of the TCPA because the faxes were sent on their behalf and that they are vicariously liable because defendant Innate was their alter ego and/or agent.

The Bria, Eyler, and Pure defendants contended that they did not have sufficient contacts with Missouri to support the exercise of personal jurisdiction,

consistent with the Missouri long-arm statute and the requirements of due process. This Court agreed to the extent that they were not alter egos of defendant Innate. Plaintiff requested and was granted time to conduct discovery on the limited issue of personal jurisdiction. However, plaintiff did not conduct any such discovery, but plaintiff voluntarily dismissed the Bria defendants. The Eyler and Pure defendants have moved to dismiss for lack of personal jurisdiction.

**II.      Legal Standard**

This Court adopts its articulation of the legal standard set forth in its July memorandum & order. (*See* #92 at 2-3 and 7-8.)

**III.     Discussion**

Personal jurisdiction as to each set of defendants is discussed below.

**A. Pure Family Chiropractic**

Plaintiff first maintains that this Court has personal jurisdiction over Pure under the Missouri Long-Arm Statute and because Pure has sufficient minimum contacts with the forum state. This is precisely the argument plaintiff made in its briefing on the defendants' first motions to dismiss for lack of personal jurisdiction, and this Court has already rejected those arguments.

This Court allowed plaintiff to take discovery to support the proposition that Pure was an alter ego of defendant Innate and that it was thus subject to personal jurisdiction under that theory instead. Plaintiff failed to take any discovery. Further, plaintiff's argument in favor of the "alter ego" analysis is identical to its argument that was rejected by this Court in July. (*Compare* #82 at 8-11 with #113 at 6-8.) The Court's ruling

3

remains unchanged, as it need not revisit the determination that personal jurisdiction does not exist on the present facts.

### B. Eyler Defendants

Again, plaintiff continues to rely on its argument from its briefing on the defendant's first motion to dismiss. Plaintiff contends that Robert Eyler may be held personally liable for his actions, which plaintiff says are sufficient to satisfy personal jurisdiction requirements. Again, this argument was considered and rejected by the Court in the July memorandum and order. (#92.)

Plaintiff does not attempt to argue that the Eyler defendants are the alter egos of defendant Innate, however, as it did in its memorandum opposing the Eyler defendants' first motion to dismiss. Rather, plaintiff argues that Eyler and Eyler Investments, LLC, are alter egos because Eyler is the LLC's sole member and manager. Those are not the hallmarks of an alter ego relationship --- if they were, then all single member LLCs would lose protection of the LLC business form. Further, this Court has already rejected that argument. And although this Court granted plaintiff leave to conduct discovery to try to prove its alter ego arguments, plaintiff did not do so.

### IV. Conclusion

Based on the foregoing, the Court finds that plaintiffs have failed to allege sufficient facts that the Court may assume personal jurisdiction over the Pure and Eyler defendants under Missouri's long-arm statute and the Due Process Clause. The matter will be dismissed as to those defendants.

4

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint (#108, #110) are **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Gary Robert Eyler, Eyler Investments, LLC, and Pure Family Chiropractic LLC are **DISMISSED**.

Dated this __7th__ day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE