UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVINE HAT CO., on behalf of itself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16-cv-01132 SNLJ |
| INNATE INTELLIGENCE, LLC, et al., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER

Plaintiff Levine Hat Co. filed this putative class action lawsuit against defendant Innate Intelligence LLC ("Innate") and Nepute Enterprises LLC ("Nepute") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On January 3, 2017, plaintiff amended the complaint to add an additional nine defendants, including defendant Profax, Inc.

Plaintiff claims in Count VIII that Profax violated terms of the TCPA by sending a "junk fax" to members of the class without displaying an opt-out notice compliant with TCPA's 47 C.F.R. § 64.1200. The TCPA allows for an entity to bring a private right of action against violators of the statute, and such an action may recover up to $1,500 for each willful or knowing violation of the statute. 47 U.S.C. § 227(b)(3)(B), (C).

On July 11, 2017, however, Profax deposited $4,000 into the trust account of Profax's attorney, held exclusively for the benefit of plaintiff. Profax also provided plaintiff within instructions on how to access the account and withdraw the funds.

1

Plaintiff then filed the instant motion for entry of proposed judgment and motion to dismiss Count VIII (#90). The proposed judgment includes an injunction prohibiting Profax from sending further faxes to plaintiff in violation of the TCPA. Profax filed the instant motion because it says the proposed judgment provides plaintiff with every form of individual relief that plaintiff seeks in its complaint against Profax and fully resolves all TCPA claims against Profax.

Federal Rule of Civil Procedure 68 allows one party to serve another with "an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). The offeree may accept the offer in writing within 14 days, or the unaccepted offer is considered withdrawn. Fed. R. Civ. P. 68(a), (b). Profax argues that its tender of $4,000 to plaintiff requires that this Court enter its proposed judgment and dismiss Count VIII under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Article III of the United States Constitution limits federal court jurisdiction to cases or controversies. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation omitted). "A case becomes moot, however, only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), as revised (Feb. 9, 2016) (internal quotation omitted).

The United States Supreme Court held that a Rule 68 offer of judgment, if rejected, has "no continuing efficacy." *Id.* at 671. Although *Campbell-Ewald* held that

2

an unaccepted Rule 68 offer of judgment thus did not moot a putative class action plaintiff's case, Profax argues it is taking advantage of a loophole possibility suggested in that Supreme Court opinion:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at 672.

Profax essentially argues that its offer was accepted because Profax has made $4,000 available to plaintiff, in an account for its benefit held by Profax's attorneys. In light of the funds and the injunction set forth in the proposed judgment, Profax argues that plaintiff no longer has a "personal stake in the outcome of the lawsuit" and that its lawsuit "must be dismissed as moot" under *Campbell-Ewald*. *Id.* at 669 (quoting *Genesis Healthcare*, 133 S. Ct. at 1528).

Subsequent TCPA defendants have attempted the same or similar tactics --- that is, to offer settlement and make the settlement funds immediately available to the plaintiff. Courts have been split on whether this suffices to end plaintiff's case. *Radha Giesmann, M.D., P.C. v. ZocDoc, Inc.*, 14 CIV. 7009 (LLS), 2017 WL 3263140, at *4 (S.D.N.Y. July 28, 2017) (collecting cases)("*Compare Gray v. Kern*, 143 F. Supp. 3d 363, 367 (D. Md. 2016) ("a measure which makes absolutely clear that the defendant will pay the complete relief the plaintiff can recover and that the plaintiff will be able to receive that relief will moot the issue in controversy"), *S. Orange Chiropractic Ctr. v. Cayan*, 15 Civ. 13069 (PBS), 2016 WL 1441791, at *5 (D. Mass. Apr. 12, 2016) ("I conclude that this

named plaintiff no longer has the requisite 'live claim' because Defendant has offered to deposit a check with the court...."), and *Leyse v. Lifetime Entm't Servs.*, 171 F. Supp. 3d 153, 155 (S.D.N.Y. 2016), *aff'd*, 679 *Fed. Appx.* 44 (2d Cir. 2017), ("once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor"), *with Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, —— F. Supp. 3d ——, ——, 13 Civ. 4577 (KMK), 2017 WL 1906890, at *14 (S.D.N.Y. May 8, 2017) ("the Court concludes that a representative plaintiff's claim is not mooted where a defendant tenders complete individual relief, even where no class has yet been certified"), and *Bell v. Survey Sampling Int'l, LLC*, 15 Civ. 1666 (MPS), 2017 WL 1013294, at *5 (D. Conn. Mar. 15, 2017) ("I join the many other courts, including courts in this Circuit, in concluding that full tender does not moot a putative class action prior to a decision on class certification.").).

This Court has previously declined to allow a defendant to deposit funds with the Court and enter judgment against the plaintiff where the class had not yet been certified. *See Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.*, 4:14CV1538 RLW, 2016 WL 3407815, at *3 (E.D. Mo. June 16, 2016). The Court, agreeing with an opinion out of the District of Minnesota, denied defendant's motion, holding that "there is no principled difference between a plaintiff rejecting a tender of payment and an offer of payment, a distinction that did not persuade the majority in *Campbell–Ewald*." *Id.* (quoting *Ung v. Universal Acceptance Corp.*, 190 F. Supp. 3d 855, 860–61 (D. Minn. 2016)). This Court further observed the Eighth Circuit's holding that judgment may "be entered against a putative class representative on a defendant's offer of payment only where class

4

certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996). That rule "protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims." *Id.* Further, "acceptance of a tendered offer need not be mandated [because] the defendant has not offered all that has been requested in the complaint (i.e. relief for the class)." *Id.* (internal quotations and alterations omitted) (quoting *Deposit Guaranty Nat. Bank, Jackson, Miss. V. Roper*, 445 U.S. 326, 341 (1980)).

That is longstanding Eighth Circuit precedent. Profax points out that this Court denied the motion in *Giesmann* because it did not comport with Rule 67, which allows for deposits with the Court only under certain circumstances. Profax apparently tries to avoid that problem by depositing the funds into a trust account with its attorneys. Profax's "tender" of the funds, however, does not mean that Profax's offer has been accepted --- the tender is still an offer that can be refused. *See Giesmann*, 2016 WL 3407815, at *3; *Ung*, 2016 WL 3134658, at *5. Indeed, Profax's offer did not offer all that was requested in the complaint. *See Alpern*, 84 F.3d at 1539. For example, the offer contains no assurances Profax will refrain from violating the TCPA in the future generally; the offer did not include attorneys' fee that may be available in the context of a class action. The offer was thus rejected.

Ultimately, "[t]he law does not countenance the use of individual offers to thwart class litigation, because the class-action device is designed to allow similarly situated

plaintiffs to aggregate smaller claims, promoting judicial efficiency." *Ung*, 2016 WL 3134658, at *7. Profax's offer or tender was not accepted. Pursuant to relevant Supreme Court and Eighth Circuit precedent, its motion for entry of judgment and dismissal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Profax's Motion for Entry of Proposed Judgment and Motion to Dismiss Count VIII is DENIED.

Dated this __15th__ day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE