UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **LEVINE HAT CO., on behalf of itself** | ) | |
| **and all other similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-01132 SNLJ |
| | ) | |
| **INNATE INTELLIGENCE, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Levine Hat Co. filed this putative class action lawsuit against defendants Innate Intelligence LLC d/b/a Innate Wellness Centers ("Innate"), Nepute Enterprises LLC ("Nepute"), and ProFax, Inc.[1] alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff has moved for class certification (#93). Only defendant ProFax has responded in opposition to the motion.

**I.    Background**

Defendant Innate is an umbrella organizations for advertising and managing chiropractic clinics, operating 12 chiropractic offices in four markets across the United States. Plaintiff contends that Innate contracted with defendant ProFax to send tens of thousands of unsolicited fax advertisements to persons with whom Innate had no preexisting relationship of any kind. On July 5, 2016, defendant Innate, through facsimile broadcaster ProFax, sent plaintiff a fax advertising "a FREE Lunch 'n Learn on

---

[1] Plaintiff also named several other entities and individuals as defendants, but those defendants have been dismissed.

1

Stress Management for your employees." The following notice appears at the bottom of the fax:

> To opt out from future faxes go to www.removemyfax number and enter PIN# 17204, or call 800-321-4433. The recipient may make a request to the sender not to send any future faxes and failure to comply with the request within 30 days is unlawful.

(Doc. # 27-1). Plaintiff alleges that the opt-out notice does not comply with the minimum requirements of 47 C.F.R. § 64.1200. On July 12, 2016, plaintiff initiated this action, under the TCPA, on behalf of itself and a purported nationwide class. Plaintiff alleges it was annoyed and disturbed by receiving the fax from Innate, that it lost employee time in reviewing and disposing of the funk fax, and that it wasted the use of its fax machine and ink and paper used to print the junk fax. Through discovery, plaintiff has obtained documents that purportedly shows all the broadcast transmissions Innate hired ProFax to make. The transmission logs show that 9,553 fax transmissions were sent by ProFax to 8,542 persons in Illinois, Indiana, Missouri, Washington, and Wisconsin. Profax also produced a list of 1,693 recipients who opted out of receiving Innate's faxes, which means those recipients certainly received a fax with Innate's unique PIN. Of those 1,693 recipients, 1,489 have fax numbers that do not appear among the successful transmissions listed in the five transmission logs produced by Innate. Thus the total number of Innate fax recipients is 10,031 according to plaintiff.

Plaintiff has moved for class certification under Federal Rule of Civil Procedure 23 of the following class:

> All persons who received a facsimile transmission sent by ProFax, Inc., on behalf of Innate Intelligence LLC or its chiropractic clinics between January 27, 2016 and July 13, 2016, as confirmed by either:

(1) presence on a facsimile transmission log produced by Innate Intelligence LLC in this case showing one or more transmissions "sent" and complete"; or

(2) presence on a list of those who opted out from receiving future faxes from Innate Intelligence LLC, produced by ProFax, Inc. in this case.

(See #93 at ¶ 5.)

## II. Legal Standard

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with [Federal Rule of Civil Procedure] 23." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) (citations omitted). Rule 23(a) establishes four prerequisites for class certification: (1) the class is so <u>numerous</u> that joinder of all members is impracticable; (2) there are questions of law and fact <u>common</u> to the class; (3) the claims or defenses of the representative parties are <u>typical</u> of the claims or defenses of the class; and (4) the representative parties will fairly and <u>adequately</u> protect the interests of the class. Fed. R. Civ. P. 23(a).

"The preliminary inquiry of the class certification stage may require the court to resolve disputes going to the factual setting of the case, and such disputes may overlap the merits of the case." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013) (internal quotation marks and citation omitted). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Comcast*, 133 S.Ct. at 1432 (internal quotation marks and citation omitted). A plaintiff seeking to maintain a class action must satisfy the Rule 23(a) prerequisites along with at least one provision of Rule 23(b). *Comcast*, 133 S.Ct. at 1432.

## III. Discussion

None of the parties contests that plaintiffs have met the standards of Rule 23. Indeed:

1. Numerosity is undeniably present because there are 10,031 putative class members.

2. Commonality is also present. For example, a "common contention, capable of classwide resolution, is whether class members received an unsolicited fax advertisement violating the TCPA." *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 998 (8th Cir. 2016). Plaintiff states that each of the class members was treated exactly the same, so common factual issues include the content of the faxes, how many were sent, and when they were sent. Common legal questions include, for example, whether the faxes constituted an "advertisement" under the TCPA; whether ProFax had a high degree of involvement in sending the faxes, subjecting it to fax broadcaster liability; and whether Innate's practices precluded the possibility that it had an established business relationship with any recipient of the faxes.

3. Typicality requires that a plaintiff must possess the same interest and have suffered the same injury as the other class members. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996). Here, typicality is met because the other class members have claims similar to the named plaintiff. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995).

4. The adequacy of representation factor requires that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In making this determination, Court must consider "(1) whether the representatives and their attorneys are able and willing to prosecute the action completely and vigorously,

and (2) whether each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *Moore v. The Boeing Co.*, 4:02CV80 CDP, 2004 WL 3202777, at *13 (E.D. Mo. Mar. 31, 2004). The Court find that these requirements are met and that the plaintiff can adequately represent the class. Further, plaintiff's counsel is qualified to serve as class counsel under Rule 23(g).

     5. Finally, the requirements of Rule 23(b)(3) are satisfied. Rule 23(b)(3) requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b) (emphasis added). Rule 23(b)(3) is satisfied because questions of law here (such as whether the faxes are advertisements) predominate, as do the questions of fact (such as whether a class member received the unsolicited fax). There are no relevant individualized factual questions that would vary class member by class member. In addition, the class satisfies the Rule 23(b)(3) requirement that a class action be the superior method for adjudicating the claims. The many recipients of the allegedly unlawful faxes may, through the class action device, achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997).

     Notably, none of the defendants argues that the factors of Rule 23 are not met. Innate and Nepute did not oppose class certification at all. Only ProFax filed a brief in opposition to plaintiff's motion, but ProFax contends that, as a policy matter, the TCPA should not be used in a class action context. The TCPA, ProFax argues, "was designed to provide adequate incentive for an *individual* plaintiff to bring suit on his or her own

behalf (a small claims court matter), and many courts found a class action inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements." (#101 at 1 (citing *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995).) Thus, ProFax opposes the motion to certify class on the basis that the class action device is improper and that, moreover, ProFax is not a proper defendant in this case anyway.

As to ProFax's public policy argument that TCPA claims should be brought by individuals and not as a class, ProFax stops short of arguing that individual plaintiff actions are the superior method of adjudication. Plaintiff's reliance to *Forman* for the proposition that the TCPA was intended for use by individual plaintiffs is not persuasive because, there, plaintiff sought to certify a class of people who had received any "unsolicited advertisements" from a particular fax sender. 164 F.R.D. at 404. A mini-hearing would be required regarding the matter of "unsolicited" to determine membership in the class. *Id.* at 403. Thus, the class definition was held untenable, and the plaintiff failed to show he met the other requirements of Rule 23, as well. As a general matter of policy, the Eighth Circuit has noted that "[c]lass certification is normal in litigation under § 227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Sandusky Wellness Ctr.*, 821 F.3d at 998 (quoting *Holtzman v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013)).

As for defendant ProFax's contention that it is not a proper defendant in this case, its arguments regarding its indemnification agreement with defendant Innate are misplaced in the context of class certification. Although discussion of the merits is

6

sometimes necessary in establishing whether the Rule 23 requirements are met, ProFax's arguments do not go to whether any of the Rule 23 factors --- numerosity, commonality, typicality, adequacy, and superiority --- are met here. Ultimately, no party contests that the plaintiff has met the Rule 23 class certification requirement. The Court finds that the proposed class meets those requirements, and the motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for class certification is GRANTED.

Dated this  9th  day of February, 2018.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE