# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEVINE HAT CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   No. 4:16-CV-1132-CEJ |
| | ) |
| INNATE INTELLIGENCE, LLC, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT PROFAX, INC'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Defendant Profax, Inc. ("Profax"), by and through the undersigned counsel, and for its Motion for Leave to File Amended Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint ("Complaint"), states as follows:

Factual Background

1. Plaintiff commenced this action on July 13, 2016, as a putative class action against Innate Intelligence, LLC, and Nepute Enterprises LLC, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. On September 29, 2016, the Court entered a Case Management Order ("CMO"). (Doc. 23). Under the CMO, the deadline for amending the pleadings was January 3, 2017. Id.

3. On January 3, 2017, the deadline for amending pleadings, Plaintiff filed its First Amended Complaint adding additional Defendants, including Profax. (Doc. 27).

4. On February 24, 2017, Profax filed its Answer and Affirmative Defenses to the First Amended Complaint. (Doc. 44).

5. On February 9, 2018, this Court granted Plaintiffs' Motion for Class

Certification. (Doc. 120).

6. On March 16, 2018, the Court entered a Phase II CMO regarding discovery, expert and summary judgment deadlines and set a trial date of January 14, 2019. (Doc. 122). Discovery closes on August 31, 2018. Id.

7. On May 22, 2018, the undersigned counsel and her law firm entered their appearances in this case on behalf of Profax. (Docs. 125, 126 and 127).

8. On May 23, 2018, Profax's existing counsel filed a motion for substitution of counsel, which this Court granted. (Docs. 128 and 129).

9. Profax now seeks leave to amend its Answer and Affirmative Defenses in order to add additional factual information to existing affirmative defenses, add headings and numbering to affirmative defenses to clarify the specific defense being asserted, and to assert additional affirmative defenses.

10. Specifically, Profax seeks to add additional factual allegations in support of its existing affirmative defenses that are contained in paragraphs 190 (Lack of Standing) and 195 (No Class Capable of Certification).

11. Profax also seeks to add affirmative defenses that allege constitutional violations, including the First Amendment (paragraphs 196-197); the void-for-vagueness doctrine under the Fifth and Fourteenth Amendments (paragraphs 198-199); due process violations under the Fifth and Fourteenth Amendments (paragraphs 200-201); the Eighth Amendment's Excessive Fines Clause (paragraph 202); and the unconstitutionality of the punitive damage claims under the Fourteenth Amendment (paragraph 212).

12. Profax also seeks to add affirmative defenses alleging lack of personal jurisdiction over Plaintiff and class members (paragraph 203); statute of limitations/laches

(paragraphs 204-205); prior business relationship under the TCPA (paragraph 206); failure to mitigate damages (paragraphs 207-208); unclean hands (paragraph 209); waiver and estoppel (paragraph 210); and implied consent/consent (paragraph 211).

13. Profax also wishes to add additional denials to certain of its answers in response to Plaintiff's allegations to make those responses consistent with its additional affirmative defenses. Specifically, Profax has asserted additional information in its answers to paragraphs 6, 20, 22, 23, 29, 33, 147 and 149 of the Complaint.

14. Profax's proposed Amended Answer and Affirmative Defenses to First Amended Complaint is attached as **Exhibit A.**

## Legal Argument

15. When a party seeks to amend the pleadings after the scheduling deadline for doing so, as Profax is doing here, it must first show good cause under Federal Rule of Civil Procedure 16(b)(4). Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). If good cause is shown, the Court must then consider whether leave should be granted under Federal Rule of Civil Procedure 15(a)(2). Id.

16. Under the good cause inquiry, the Court must consider the movant's diligence in attempting to meet the scheduling order's requirements, taking into consideration changes in the law, newly discovered facts, or other changed circumstances after the scheduling deadline for amending pleadings. Sherman, 532 F.3d at 716-718.

17. First, under Rule 16(b), good cause exists to modify the CMO. Under the CMO, the deadline for amending the pleadings expired the same day that Profax was added as a Defendant. Although more than one year has passed since Profax filed its original Answer, there was no subsequent opportunity for Profax to amend its Answer under the CMO without

seeking leave of court.

18. Since Profax filed its Answer, the Court granted Plaintiff's Motion for Class Certification. (Doc. 120). With the class certification, Profax's constitutional defenses are ripe. Many of the affirmative defenses that Profax wishes to add to its Answer are constitutional arguments that must be preserved or they are waived.

19. In addition, the parties have engaged in some discovery, but discovery does not close until August 31, 2018. Profax representatives or employees have not been deposed yet. The parties are currently scheduling the Rule 30(b)(6) deposition of Profax. Other depositions are expected to be scheduled. If discovery is necessary on the additional affirmative defenses, the parties have sufficient time to do so.

20. Moreover, the United States Supreme Court recently issued a decision regarding jurisdictional issues that courts are applying to class action cases such as this one. In <u>Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.</u>, 137 S. Ct. 1773, 1781 (2017), the Supreme Court held that the California court did not have specific jurisdiction over a non-resident defendant with respect to non-resident Plaintiff's claims because the defendant did not have sufficient contacts with California. <u>Id.</u> at 1781-1782. Some courts have recently interpreted <u>Bristol-Myers</u> to apply to putative class actions, including in a TCPA case. See, e.g., <u>Practice Management Support Services, Inc. v. Cirque Du Soleil, Inc.</u>, 2018 WL 1255021, No. 14 C 2032, at *18 (N.D. Ill. Mar. 12, 2018) (applying <u>Bristol-Myers</u> to putative TCPA class action alleging fax broadcasting service failed to provide sufficient opt out instructions, finding mere fact that plaintiff received a fax in Illinois does not allow for exercise of specific jurisdiction over nonresidents' claims with respect to faxes received outside of Illinois and whose claims thus do not relate to defendants' contacts with Illinois, such that exercising

personal jurisdiction over defendants with respect to non-residents would violate defendants' due process rights and thus dismissing non-Illinois-resident claims while certifying rest of class); see also DeBernardis v. NBTY, Inc., 2018 WL 461228, at *6-7 (N.D. Ill. Jan. 18, 2018) (concluding that it is likely that courts will apply Bristol-Myers to outlaw nationwide class actions where there is no general jurisdiction over the defendants and thus granting motion to dismiss to extent the complaint sought to recover on behalf of out-of-state plaintiff classes); Webb v. Dr Pepper Snapple Group, Inc., 2018 WL 1990509, No. 4:17-00624-CV-RK (W.D. Mo. April 26, 2018) (noting unsettled nature of Bristol-Myers to class actions in finding prejudice to parties if permissive intervention was granted and the case was moved to California). Therefore, Profax seeks leave to assert the Court's lack of jurisdiction over the non-Missouri-resident class members to reflect the evolving law under the Supreme Court's recent Bristol-Myers decision.

21. Profax's new counsel moved quickly upon entry of appearance to seek leave to amend the Answer to include the additional information and affirmative defenses that Profax believes are necessary to preserve its arguments. "Generally, failure to plead an affirmative defense results in a waiver of that defense." First Union Nat'l Bank v. Pictet Oversears Trust Corp., 477 F.3d 616, 622 (8th Cir. 2007).

22. Based on these facts, the Court should determine that good cause exists for Profax's request for leave to amend. Painters Dist. Council, No. 58 v. RDB Universal Services, LLC, 2015 WL 4389978, No. 4:14CV01812 ERW, at *2 (E.D. Mo. July 15, 2015) (finding good cause under Rule 16(b) where party's motion for leave to amend pleading was filed three months before the discovery deadline, four months before the dispositive motion deadline, and eight months before trial). Cf. Sherman, 532 F.3d at 717 (denying motion to amend affirmative

defense where party waited until 2½ years after the suit was filed, a month after the close of discovery, a month after it raised the defense in its summary judgment motion, nearly 18 months after the deadline for amending pleadings, and eight months after it was actually aware of the defense's applicability).

23. Second, Profax has demonstrated that the Court should grant leave under Rule 15(a), under which a party may amend its answer by leave of court or by written consent of the adverse party. Although leave to amend is to be freely granted under Rule 15(a)(2), this Court has discretion whether to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-332 (1971).

24. Factors to consider in determining whether the Court should grant leave to amend include, but are not limited to, (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing party; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Delay in seeking to amend, alone, is an insufficient reason to deny leave; prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455. Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id.

25. This motion is not filed in bad faith or with dilatory motive. Although this motion is filed outside the deadline in the CMO, Profax's new counsel has acted quickly upon entering the case to assert additional defenses and clarify its answers to the allegations in order to preserve those arguments.

26. Plaintiff will not be prejudiced as discovery is not yet concluded. Discovery

closes on August 31, 2018.  (Doc. 122).

27.Lastly, the amendment is not futile as the additional defenses raise issues that must be asserted or they are waived.

28.Counsel for Profax has discussed this motion with counsel for Plaintiff. Plaintiff's counsel indicated that they have not yet determined if they will oppose this motion.

WHEREFORE, Defendant Profax respectfully requests that the Court grant it leave to file its Amended Answer and Affirmative Defenses and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By/s/ Mary Ann L. Wymore
Mary Ann L. Wymore, #44061
mlw@greensfelder.com
Dawn M. Johnson, #41991
dmj@greensfelder.com
Abby L. Risner, #57999
alr@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:  314-241-9090
Facsimile:  314-241-8624

Attorneys for Defendant ProFax, Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 13th day of June, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

                                              /s/ Mary Ann L. Wymore