UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVINE HAT CO., on behalf of itself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16-cv-01132 SNLJ |
| INNATE INTELLIGENCE, LLC, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action on July 13, 2016 against two defendants and alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On January 3, 2017, plaintiff amended the complaint to add an additional nine defendants, including defendant Profax, Inc. That same date was the deadline for amended pleadings under this case's Case Management Order. Profax filed its Answer and Affirmative Defenses on February 24, 2017. This Court certified a class on February 9, 2018 and then entered a Phase II CMO on March 16, 2018. Profax substituted new counsel on May 22, 2018. On June 13, 2018, Profax moved for leave to file an Amended Answer and Affirmative Defenses to plaintiff's First Amended Class Action Complaint. (#130.) Plaintiff opposes the motion.

Federal Rule of Civil Procedure 16(b)(4) requires that a party seeking to amend the pleadings after the scheduling deadline for doing so must show good cause. If good

1

cause is shown, the Court must then consider whether leave should be granted under Rule 15(a)(2).

This Court must consider defendant's diligence in attempting to meet the scheduling order's requirements, taking into consideration, for example, changes in the law, newly discovered facts, or other changed circumstances. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008).

Profax points out that it was never given an opportunity to amend its pleading in the time allowed by the CMO because it was added as a party on the last permissible day under the CMO. Profax adds that discovery will not close until August 31, 2018, and Profax's Rule 30(b)(6) deposition had not at that time taken place.

Profax seeks to assert lack of jurisdiction over the non-Missouri-resident class members under a line of cases that have evolved since the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco City*, 137 S. Ct. 1773, 1781 (2017) ("*BMS*"). In *BMS*, the Supreme Court held that California courts did not have specific jurisdiction over a non-resident defendant with respect to non-resident plaintiffs' claims because the defendant did not have sufficient contacts with California. *Id*. Some district courts have held that *BMS* also applies to putative class actions. *See DeBernardis v. NBTY, Inc.*, No. 17-C-6125, 2018 WL 461228, at \*1-\*2 (N.D. Ill. Jan. 18, 2018); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, — F. Supp. 3d—, No. 14 C 2032, 2018 WL 1255021 (N.D. Ill. Mar. 12, 2018); *Webb v. Dr Pepper Snapple Group, Inc.*, 4:17-00624-CV-RK, 2018 WL 1990509, at \*1 (W.D. Mo. Apr. 26, 2018). *But see In Re Morning Song Bird Food Litig.*, No.

12CV01592 JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018) (finding *BMS* inapplicable to class actions).

Profax also seeks to amend its affirmative defense of lack of standing --- a defense that it raised in its original Answer without actually using the word "standing." Profax similarly seeks to add detail to its affirmative defense pertaining to Profax's argument that plaintiff has not met the requirements of Rule 23. Although Profax acknowledges that the class has already been certified, Profax states that its amendment is pertinent to a class definition.

Further, Profax adds constitutional defenses to its affirmative defenses, a laches defense, prior business relationship and consent defenses, unclean hands and waiver/estoppel defenses.

A district court may deny a motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman*, 532 F.3d at 715. Here, there are no such indications. Although some of Profax's defenses have been unsuccessful in other cases, ultimately there is no prejudice to plaintiff in light of the fact that discovery remains open --- and Profax had not yet been deposed at the time of amendment. There remains plenty of time until trial, as well, allowing for an extension of deadlines to the extent more discovery time is required. Notably, plaintiff does not articulate what additional discovery it would require as a result of the amendment, and "an adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a

pleading." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000) (internal quotation omitted). *See also Painters Dist. Council No. 58 v. RDB Universal Services, LLC*, 414CV01812ERW, 2015 WL 4389978, at *3 (E.D. Mo. July 15, 2015) (allowing amendment of answer where discovery was still open, four months remained until the dispositive motion deadline, and eight months remained until trial).

Accordingly,

**IT IS HEREBY ORDERED** that Profax's motion for leave to file an Amended Answer and Affirmative Defenses to plaintiff's First Amended Class Action Complaint (#130) is GRANTED.

Dated this  31st  day of July, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE