# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# (EASTERN DIVISION)

| | |
|---|---|
| LEVINE HAT CO., on behalf of itself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>INNATE INTELLIGENCE, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 4:16-cv-01132-SNLJ |

**PLAINTIFFS' MOTION, AND INCORPORATED MEMORANDUM IN SUPPORT, TO COMPEL THE PRODUCTION OF DISCOVERY**

COMES NOW Plaintiffs, by and through their undersigned counsel, and states the following for their Motion to Compel the Production of Discovery from Defendant Profax, Inc. ("Profax"):

1.　Plaintiff filed this action on July 13, 2016 against several defendants and alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In particular, Plaintiffs allege that defendants sent advertisement by facsimile to numbers without prior permission and that the facsimiles in question did not contain an appropriate opt-out notice. This Court certified a class on February 9, 2018 and then entered a Phase II CMO on March 16, 2018.

2.　On December 23, 2019, the Parties submitted a Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class. (ECF Doc. 169). The Court held a telephone conference to discuss the terms of the settlement with the parties and informed them that the amounts proposed to be paid under the settlement - $5.00 per class member – was not a sufficient settlement. (ECF Doc. 184).

3.　Based on representations Profax's counsel made to this Court, and referencing a status report filed with the Court, this Court noted that "Profax's 'financial condition…has

worsened,' and as a result it is 'not in a position to engage in further settlement discussions.' [#183 at 2.] 'Profax cannot at this time predict whether or when its present circumstances will improve.' [*Id.*]" (ECF Doc. 184).

4. This Court subsequently denied the Joint Motion for Preliminary Approval. (ECF Doc. 184).

5. In March of 2017, Plaintiffs propounded Interrogatories and Requests for Production on Defendant Profax. That Discovery included the following Interrogatory:

> "19. List YOUR total annual revenue, net operating expenses, net profit, assets and liabilities for the RELEVANT TIME PERIOD."

Profax's Answer supplied at the time was:

> "Profax objects to Interrogatory No. 19 on the ground that it seeks information that is highly confidential and proprietary and not relevant, reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of the case."

A Request for Production related to the above referenced Interrogatory asked of Profax:

> "67.    Financial statements or other DOCUMENTS showing YOUR income, net income, revenue, profit, operating expenses, assets, liabilities and cash on hand for the RELEVANT TIME PERIOD."

The Answer supplied at the time was:

> "Profax objects to Request No. 67 on the ground that it seeks information that is highly proprietary and confidential and not related to any claim or defense at issue in this lawuits and, accordingly, seeks documents that are not relevant, reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of the case."

6. After the Court's denial of the Motion for Preliminary Approval of Class Action Settlement, Plaintiffs revisited the inquiry into Profax's financial status sending a letter dated October 6, 2020 (attached hereto as Exhibit A) wherein Plaintiffs requested that Defendant Profax

withdraw their objection to Plaintiffs' discovery requests due to the fact that Profax's financial status was now implicated in this case on the grounds that Profax's financial condition was affecting the ability to reach a more meaningful settlement for the class.

7. Plaintiffs' counsel, Steven Duke, had a phone call with Profax's counsel, Mary Ann Wymore, on October 15, 2020 to discuss the contents of the October 6, 2020 correspondence and the discovery into Profax's financial information. During that phone call, Profax's counsel indicated that they would be able to produce an initial set of documents responsive to the discovery requests identified earlier some time the week of October 19, 2020.

8. Following the phone call, Plaintiffs' counsel sent an email to Profax's counsel clarifying whether or not the discovery requests as worded would encompass Profax's tax returns, as Plaintiffs' counsel deemed them important to the discovery of financial information (attached hereto as Exhibit B). On October 20, Profax's counsel responded stating "There is no need to send a separate discovery request. If Profax objects, it will not be based on the wording of your original document request. We can agree that your original request intends to cover tax returns. I will get back to you next week[1] regarding the overall question. We're still waiting to hear back from the accountant". (Exhibit C)

9. On November 2, 2020, having heard nothing from Profax's counsel, Plaintiffs' counsel sent an email requesting an update on the production of the requested documents. Profax's counsel responded the same day indicating they checked with Profax "last week" and were awaiting word back from Profax's accountants. Profax's counsel indicated they would follow up again on November 4, 2020. (Exhibit D)

---

[1] Meaning the week of October 26, 2020.

10. Having again heard no response, Plaintiffs' counsel inquired on November 6, 2020 once again asking for an update. Plaintiffs' counsel stated that this Motion would be forthcoming should Profax not produce the requested documents. Profax's counsel once again requested additional time, asking to stay the filing of this Motion until November 11, 2020. (Exhibit E)

11. On November 11, the original date indicated as the "deadline" for filing this motion, ProFax's counsel replied again, stating that Profax's account would be preparing "financial statements for the years 2017, 2018, 2019, and through September 30, 2020." Profax's counsel indicated that they would be ready "before Thanksgiving" (November 26, 2020). (Exhibit F)

12. As of the filing of this Motion, Profax has not produced any documents responsive to Plaintiffs' discovery requests. Nor has Profax asserted any additional objections that would prohibit the production of such requests.

13. On September 1, 2020, this Court entered an Amended Case Management Order which stated that "Discovery shall be complete by December 31, 2020." (ECF Doc. 187).

14. Plaintiffs request a Court Order compelling Profax to produce the requested discovery within 10 days because the window to conduct discovery is rapidly closing. Plaintiffs believe that should this Court not compel Profax, Profax will not produce the requested documents, and then plans to attempt to decertify the class due to Profax's alleged financial condition. All this would have been done without any tangible evidence produced to Plaintiffs or the Court to back up the assertions about Profax's financial status.

15. "Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011).

16. Plaintiffs' and Profax's counsel have spoken and conferred on this matter multiple times, as detailed herein, including October 15th and 20th, November 2nd and 6th, as required by Local Rule 3.04, and still appear unable to reach an accord. Intervention of this Court is necessary.

WHEREFORE, Plaintiffs' request this Court enter an Order compelling Defendant Profax to respond to Plaintiffs' Interrogatory No. 19 and Request for Production No. 67, to include copies of Defendant Profax's tax returns for the period of March 1, 2017 until the present, within 10 days of the entry of the Order, and for any other relief this Court deems just and necessary.

Respectfully submitted,

KEANE LAW LLC

*/s/ Ryan Keane*
Ryan A. Keane, #62112
Steven W. Duke #68034
7777 Bonhomme Ave, #1600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's Electronic Filing System this 27th day of November 2020, which will send a notice of electronic filing to all counsel of record.

/s/ Ryan Keane