## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LEVINE HAT CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1132-SNLJ |
| | ) |
| INNATE INTELLIGENCE, LLC, | ) |
| *et al*., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT PROFAX, INC'S OPPOSITION
## TO PLAINTIFFS' MOTION TO COMPEL

COMES NOW Defendant ProFax, Inc. ("ProFax"), by and through the undersigned counsel, and for its opposition to Plaintiffs' Motion to Compel (Doc. 190) states as follows:

## INTRODUCTION

Plaintiffs' motion to compel should be denied. Though later than anticipated, ProFax has now produced its comprehensive confidential profit and loss statement for the entirety of the years 2017, 2018 and 2019, and through the third quarter of 2020, along with an accompanying letter from ProFax's accountant. Accordingly, the portion of Plaintiffs' Motion to Compel pertinent to the financial statements originally sought in Plaintiffs' written discovery at issue is moot. Additionally, Plaintiffs' Motion to Compel as it pertains to tax returns should be denied because ProFax does not file its own separate tax return. Rather, ProFax's information is included in the consolidated confidential tax return filed each year by its parent company, Cyberdata, Inc. ("the Parent"), a standard accounting practice. The only information of ProFax included in the Parent's confidential tax return is the profit and loss data that has now been produced. As the Parent is a separate corporate entity from ProFax and not a party to the lawsuit,

it should not be burdened by having to reveal its highly confidential tax returns. Plaintiffs have not met their burden to show a compelling need for the Parent's tax returns.

## BACKGROUND

Plaintiff Levine Hat Co. ("Plaintiff") filed the instant lawsuit against other defendants as a putative class action on July 13, 2016 (Dkt 001). Plaintiff filed its First Amended Complaint naming additional defendants, including ProFax, on January 3, 2017 (Dkt 027). Plaintiff thereafter propounded its First Set of Interrogatories and First Set of Requests for Production to ProFax on February 10, 2017 ("the Written Discovery"). Plaintiff's discovery requests at issue in this lawsuit, Interrogatory 19 and RFP 67, were among the Written Discovery propounded in February 2017. Through its former counsel Capes, Sokol, Goodman & Sarachan, P.C. ("the Capes Sokol Firm"), ProFax served its objections and responses to the Written Discovery, including its objections to Interrogatory 19 and RFP 67, on March 27, 2017. On February 9, 2018, the Court issued its order certifying a class (Dkt. 120).

Thereafter, on May 23, 2018, the Court granted ProFax's motion to substitute the Greensfelder firm as counsel for ProFax and to allow the Capes Sokol firm to withdraw (Dkt 129), following which ProFax and Plaintiffs began settlement discussions, including discussions of ProFax's weak financial position. In connection therewith, ProFax provided to Plaintiffs' counsel on a confidential basis on July 10, 2018, ProFax's confidential profit and loss statements for the years 2015, 2016, 2017, and through the second quarter of 2018.

The parties worked for two years to reach a settlement on a class basis that was acceptable to the Plaintiff Class and Class Counsel, and filed their Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to Class on December 23, 2019 (Dkt 169). The Court found that the proposed class settlement was not adequate, allowed the parties

to continue negotiations, and ultimately denied the parties' motion for preliminary approval on August 5, 2020 (Dkt 184). Meanwhile, as ProFax (a NY company) advised the Court throughout the summer, its financial situation dramatically worsened as a result of the pandemic (*See e.g.* Dkt 181, 183).

By letter dated October 6, 2020, Plaintiff sought further financial data from ProFax under RFP 67 and Interrogatory 19, and also requested ProFax's tax returns. During a call with Plaintiff's counsel, ProFax agreed to produce further financial data but advised Plaintiff's counsel that it likely would continue to object to producing the Parent's confidential and proprietary consolidated tax return, which would provide no further information regarding ProFax's financial condition than ProFax's financial statements.

While ProFax endeavored to produce the additional profit and loss statement and accountant letter by Thanksgiving, it was unable to do so for a variety of reasons (including lack of access to records, unavailability of ProFax's accountant, and injury causing the continued absence of ProFax's bookkeeper). ProFax ultimately produced such documents to Plaintiffs' counsel via electronic mail on December 3, 2020.

## **ARGUMENT**

The Court should deny Plaintiffs' motion to compel because: (1) ProFax has now supplemented its earlier production of financial data by producing to Plaintiffs its confidential profit and loss statements for the entirety of 2017, 2018, 2019, and through the third quarter of 2020, thus rendering Plaintiff's motion to compel production of this data moot; and (2) ProFax also has produced to Plaintiff concurrently with the supplemental profit and loss statement a letter from ProFax's accountant explaining that ProFax does not file its own tax return but rather consolidates its earnings into the tax returns of its Parent. Thus, production of the Parent's

confidential tax return would serve no legitimate point and would be prejudicial to the Parent, which is not a party to this lawsuit. Additionally, Plaintiffs have not demonstrated that they are entitled to disclosure of tax returns under the two-part test articulated in Scottrade, Inc. v. Variant, Inc., No. 4:13CV1710 RLW, 2014 WL 5489291, at *2 (E.D. Mo. Oct. 30, 2014). Indeed, Plaintiffs failed even to state the two-part test in their motion, much less attempt to prove that they are entitled to disclosure of tax returns under this Court's standard. As such, the Court should deny Plaintiffs' motion to compel the disclosure of tax returns as unsupported by law and deny the remainder of Plaintiffs' motion to compel as moot.

"A party seeking disclosure of tax returns must show: (1) the information is relevant; and (2) there is a compelling need for the disclosure because the information is not otherwise readily obtainable." Scottrade, Inc. v. Variant, Inc., No. 4:13CV1710 RLW, 2014 WL 5489291, at *2 (E.D. Mo. Oct. 30, 2014). The party seeking discovery has the initial burden to show that the tax returns are relevant; the burden then shifts to the adverse party to show the information in the tax returns is more readily obtainable elsewhere. Scottrade, Inc. v. Variant, Inc., No. 4:13CV1710 RLW, 2014 WL 5489291, at *2 (E.D. Mo. Oct. 30, 2014) (citing PSK, L.L.C. v. Hicklin, No. C09-0105, 2010 WL 2710507, at *2 (N.D. Iowa July 8, 2010); see also E.E.O.C. v. Ceridian Corp., 610 F. Supp. 2d 995, 996–997 (D. Minn. 2008) (observing that "federal courts generally resist discovery of tax returns"); *see also* Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 216–17 (W.D. Va. 1997) (stating that "judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns").

**A.    Plaintiffs Have Not Met Their Burden Of Showing A Compelling Need for Production of Tax Returns.**

ProFax agrees that certain financial documents, other than tax returns, are relevant to Plaintiffs' class claims. Indeed, ProFax has now produced detailed profit and loss statements

4

1883489

from 2015 through the third quarter of 2020.[1]  The Parent's tax returns are not relevant, however. (See Doc. 190, ¶ 8.)  As noted above, ProFax does not file its own tax return but rather consolidates its earnings into its Parent's tax returns.  Plaintiffs have neither asserted nor shown that the Parent's confidential tax returns are relevant to its action against ProFax.  Thus, Plaintiffs have failed to meet their burden of showing that the requested tax returns are relevant.

> **B.     There Is Not A Compelling Need For Disclosing Tax Returns Because The Information Plaintiffs Seek Is Readily Obtainable From Another Source.**

"When looking at whether there is a compelling need, a court examines whether the information in the [tax] returns is readily obtainable from another source." Ceridian Corp., 610 F. Supp. 2d at 997.

In their motion, Plaintiffs direct the Court to the following discovery requests:

1. Interrogatory 19, which asked ProFax to "List YOUR total annual revenue, net operating expenses, net profit, assets and liabilities for the RELEVANT TIME PERIOD"; and

2. Request for Production 67, which sought "Financial statements or other DOCUMENTS showing YOUR income, net income, revenue, profit, operating expenses, assets, liabilities and cash on hand for the RELEVANT TIME PERIOD."

(Doc. 190, ¶ 5.)

Plaintiffs wrongly claim that ProFax "has not produced any documents responsive to Plaintiffs' discovery requests." (Doc. 190, ¶ 12.) To the contrary, ProFax had provided detailed profit and loss statements for the period 2015 through June 2018 on July 10, 2018, which go directly to the question of whether the information contained in the desired tax returns is readily obtainable from another source.  Moreover, as discussed above, ProFax has now produced to

---

[1] Plaintiffs claim that "ProFax has not produced any documents responsive to Plaintiffs' discovery requests." (Doc. 190, ¶ 12.) This is incorrect. Prior to the filing of Plaintiff's instant motion, ProFax had provided Plaintiffs with detailed financial statements for the entirety of 2015, 2016, 2017 and through the second quarter of 2018.  The fact that this information was provided to Plaintiffs' counsel on a confidential basis during settlement discussions does not negate that Plaintiffs had access to this information for the past two and a half years.

5

1883489

Plaintiffs a comprehensive profit and loss statement for the period 2017, 2018, 2019 through the third quarter of 2020, along with a letter from ProFax's accountant, further undercutting any bald claim by Plaintiffs that the disclosure of tax returns is justified.

The profit and loss statements provide information concerning ProFax's annual income, income by channel, total operating expenses, operating expenses by category, gross profits, net income, and liabilities. Thus, Plaintiffs have the information they seek in Interrogatory 19 and RFP 67 and cannot show a compelling need for the highly confidential consolidated tax returns of ProFax's Parent.

Courts protect parties from disclosing tax returns when the information sought is readily available in other documents, as is the case here. See Scottrade, Inc. v. Variant, Inc., No. 4:13CV1710 RLW, 2014 WL 5489291, at *3 (E.D. Mo. Oct. 30, 2014) (denying motion to compel the disclosure of tax returns because "Plaintiff can obtain [the desired] information by less-intrusive means"); see also PSK, L.L.C. v. Hicklin, No. C09-0105, 2010 WL 2710507, at *4 (N.D. Iowa July 8, 2010) (denying motion to compel the production of tax returns because "the Court concludes [non-movant] has established that the information in the tax returns is readily obtainable from the financial records previously disclosed"); see also Ceridian Corp., 610 F. Supp. 2d at 997 (denying motion to compel the production of tax returns because the sought-after earnings information was readily available in previously produced W–2's and 1099's).

The information Plaintiffs sought in Interrogatory 19 and RFP 67 is readily obtainable in the profit and loss statements produced to Plaintiffs' counsel on July 10, 2020, and December 3, 2020. Accordingly, the Court should deny Plaintiffs' motion to compel in its entirety.

**CONCLUSION**

Plaintiffs' motion to compel was rendered moot when ProFax served its updated profit and loss statement and accountant's letter, and Plaintiffs have not met their burden to show any basis on which ProFax's Parent should be compelled to produce its highly confidential consolidated tax return.  The disclosure of tax returns is explicitly disfavored by courts (*see* Ceridian Corp., 610 F. Supp. 2d at 996–997), which is why courts mandate a showing of compelling need before such disclosures are required.  Plaintiffs have fallen well short of this showing.  Accordingly, ProFax respectfully requests that the Court deny Plaintiffs' motion to compel in its entirety.

        Respectfully submitted,

        GREENSFELDER, HEMKER & GALE, P.C.

By     /s/ Mary Ann L. Wymore
      Mary Ann L. Wymore, #44061
      mlw@greensfelder.com
      Dawn M. Johnson, #41991
      dmj@greensfelder.com
      10 South Broadway, Suite 2000
      St. Louis, Missouri 63102
      Telephone:  314-241-9090
      Facsimile:  314-241-8624

Attorneys for Defendant ProFax, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of December, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

          /s/ Mary Ann L. Wymore

1883489