# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# (EASTERN DIVISION)

| | |
|---|---|
| LEVINE HAT CO., on behalf of itself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>INNATE INTELLIGENCE, LLC et al.,<br><br>　　　　　　Defendants. | Case No. 4:16-cv-01132-SNLJ |

## PLAINTIFF'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL

COMES NOW Plaintiff, by and through its undersigned counsel, and states the following for its Reply in Support of its Motion to Compel:

### INTRODUCTION

Profax has made every effort to circumvent their duty to fully and faithfully answer applicable discovery requests intended to bring this case to a speedy and just resolution. One cannot help but to wonder, what is Profax hiding? Profax has made its financial woes the primary obstacle for providing the already-certified class with relief. However, Profax's stalling and half-measures should end here and now, with an Order from this Court compelling Profax to bring their financial information, including tax returns, into the light.

Profax's objection to Plaintiffs' Motion to Compel fails on all grounds. Courts use a two-pronged test to determine the discoverability of tax returns. See *Maurer v. Chico's FAS Inc.*, No. 4:13CV519 TIA, 2013 WL 6895819, at *2 (E.D. Mo. Dec. 31, 2013) ("First, the court must determine whether the tax returns are relevant. If so, then the question becomes whether there is a

compelling need for the returns because the information contained therein is not otherwise readily obtainable from another source.") (citation omitted). Plaintiff has met both prongs of the test: the financial information of Profax, i.e., their tax returns, are relevant because Profax has made them relevant in calling into question their ability to engage in settlement discussions, and the information is not obtainable through other means since Profax is unwilling to provide anything other than an unsworn, recently created, financial "summary". Profax has not even supplemented their discovery responses to include the documents that they've provided to Plaintiffs. As such, this Court should grant Plaintiffs' Motion to Compel.

## ARGUMENT

### I. Profax's Financial Information, Including Its Tax Returns, Is Relevant Because Profax Has Put It At Issue.

Profax's financial information, including its tax returns, are relevant because Profax put them at issue.  It is beyond dispute that when a party, by asserting a claim or defense, puts evidence at issue, that evidence is discoverable. *See, e.g.*, *Dinosaur Merch. Bank Ltd. v. Bancservices Int'l LLC*, No. 1:19 CV 84 ACL, 2020 WL 5230840, at *5 (E.D. Mo. Sept. 2, 2020) (granting motion to compel production of detailed financial information because, among other reasons, the defendant had "placed its finances at issue"); *Shovah v. Mercure*, No. 2:11-CV-201, 2013 WL 12226890, at *3 (D. Vt. Oct. 30, 2013) (noting that if the defendant had "put at issue its financial condition or ability and/or ability to pay any damages that the jury may award" that would be grounds for discovery of same); *Steshenko v. Gayrard*, No. 13-CV-03400-LHK, 2015 WL 602396, at *2 (N.D. Cal. Feb. 11, 2015) (party "waived any privacy interest" in financial records as he had "put at issue his financial assets, income, and sources of support."); *United States v. Pellullo*, No. CRIM. 91-00060, 1993 WL 216127, at *7 (E.D. Pa. June 18, 1993) (government was permitted to

cross-examine a criminal defendant about personal income tax returns because the defendant had put into issue his financial condition).

Profax has repeatedly made assertions to Plaintiff and to this Court regarding its "financial viability." ECF Nos. 181, 183. Further, Profax has stated it is not in a position to engage in further settlement discussions. ECF No. 183.  As the Court is aware, Profax's claims regarding its financial condition have *directly resulted* in multiple delays in this litigation, as well as the failure of settlement negotiations. *See* ECF No. 184 at 2.

Moreover, while ProFax's due process defenses are utterly without merit, by asserting them, ProFax has put its financial condition at issue. *See* ECF No. 14, Profax's Answer and Affirmative Defenses at 13 (asserting a due process affirmative defense); 15 (asserting that punitive damages "would be grossly excessive and penal[.]"). A defendant's financial condition is clearly relevant in evaluating such assertions.  *See, e.g.*, *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1034 n.16 (9th Cir. 2020) (noting that a defendant could not "seriously argue" that an award was "oppressive" in violation of its due process rights because the award only amounted to half a percent of the defendant's net worth).

Having *directly placed its financial condition in issue,* Profax *must* produce the relevant, discoverable material Plaintiff has requested.  Profax cannot be permitted to use its supposed financial condition to hold this litigation hostage while simultaneously refusing to provide evidence of same.

A party may conduct discovery into any matter "that is relevant to any party's claim *or* defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). Parties are not limited to discovery on issues on which they carry the burden. *Davis v. Ak-Sar-Ben Vill., L.L.C.*, No. 8:18CV101, 2020 WL 1332288, at *8 (D. Neb. Mar. 23, 2020). Further, when considering whether or not to approve a

settlement in a class action case like this one where no settlement has yet been approved, a court should consider factors like a defendant's ability to pay and overall financial condition. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975). Profax's financial status is, without a doubt, relevant, because Profax has put it at issue.

## II. The Information Contained in Profax's Tax Returns is not Obtainable Through any Other Means.

This Court should require Profax to produce its tax returns because, no other evidence is sufficient to reliably show Profax's financial condition. On two occasions, Profax has produced information to Plaintiffs that it purports are true and accurate financial information. Once in July of 2018, and most recently, immediately after the filing of Plaintiff's instant motion, Profax emailed two very brief summary statements.[1] This should be considered only a token offering, at best. As stated further below, the produced information has not been officially incorporated into Profax's discovery responses, and therefore there has been no oath sworn as to the accuracy or veracity of the information. The financial statements produced appear to have been explicitly prepared in response to Plaintiff's requests. Plaintiff is entitled to see the contemporaneous, organic documents, including tax returns, that these "summaries" are based on.

---

[1] The information sent to Plaintiffs in July of 2018 and just after the filing of this motion were both marked CONFIDENTIAL by Profax, so Plaintiffs will not incorporate the documents herein. Plaintiffs can make the documents available to the Court should the need arise. For the purposes of this Reply, Plaintiff will reference specific language as applicable without revealing any information that would obviously be confidential. A cover letter accompanied the most recent production of alleged financial information by Profax. However, it is worth mentioning that no protective order exists in this case which covers Defendant Profax. The only applicable Protective Order in this case, ECF No. 75, is a Stipulated Protective Order which only covers Plaintiff Levine Hat and Defendant Innate Wellness Centers.

### A. The Documents Produced by Profax are Newly Created Summaries.

The documents provided to Plaintiffs state, *on their face*, that they are merely a "summary".[2] "Summary" means something less than all; it is a "short; concise" version of the full data. SUMMARY, Black's Law Dictionary (11th ed. 2019). Where is the full range of information that this summary was based on? Profax should not be the arbiter of what financial information is contained in the summary; Plaintiffs should be permitted to see an accounting of Profax's contemporaneous financial information for the relevant periods, most readily accessible in Profax's tax information. Indeed, the production of tax returns is particularly appropriate in cases where a defendant's production of other financial documents raises unanswered questions. *See Dinosaur Merch. Bank Ltd.*, 2020 WL 5230840, at *4 (ordering production of tax returns in part because information missing from defendant's production made clear that "absent fraud, additional tax-related information exists.")

The veracity of the provided documents must be called into question because they appear to be created for the express purpose of responding to Plaintiffs' requests. As stated, they are summaries, not organically created documents. The cover letter to the second set of produced data reflects as much.[3] Why not produce the original information instead of hiring an accountant to summarize the data? The only plausible explanation is that there is something in the original data that Profax does not want this Court, or Plaintiffs, to see.

Further, Profax's financial summaries fail the "best evidence rule" required by the Federal Rules. An original of a document is required to prove its content. Fed. R. Evid. 1002. The documents provided by Profax are not originals. As stated, they are self-identified as summary

---

[2] This wording is used in the cover letter to the most recent attachment.
[3] The cover letter states: "The data used to present the attached summary is derived from records that are maintained by the company's bookkeeper."

documents. If someone proposes a summary document to prove content, the proponent must make the originals available for examination and copying. Fed. R. Evid. 1006. Profax must make the original source documents, and tax returns, available to support the data set forth in their summaries.

### B. Profax's Status as a Consolidated Subsidiary does not make their Tax Returns Undiscoverable.

Profax is attempting to shield their tax returns from Plaintiffs by stating that Profax has no independent tax return.[4] CyberData, Profax's apparent parent corporation, appears to have included Profax into an affiliated corporation group in order to file a consolidated tax return. The advantage of this structure is that companies within the group can use their ordinary losses to offset each other's ordinary income.[5] Since Profax appears to be unprofitable, its losses are likely being used to offset CyberData's - or one of its other subsidiaries - profits.

The status of Profax's tax returns as consolidated should have no bearing on whether or not they are discoverable; Profax should be obligated to produce its parent corporation's consolidated tax returns which show Profax's income and liabilities. Tax returns are inherently more reliable than other documents. because submitting false or fraudulent information to the Internal Revenue Service risks criminal penalties. *See* 28 USC § 7201 ("Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, ... be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 [$500,000 in the case of a corporation], or imprisoned not more than 5 years, or both, together with

---

[4] In the most recent communication, the cover letter states:, "As a NYS Qualified subchapter-S corporation, owned by another corporation, [Profax] does not file its own tax returns, rather it consolidates its earnings into the tax return(s) of its parent, CyberData, Inc."

[5] Will Kenton, *Affiliated Group*, Investopedia (Updated July 9, 2019), http://www.investopedia.com/terms/a/affiliated-group.asp; Julie Kagan, *Consolidated Tax Return*, Investopedia (Updated April 28, 2020), https://www.investopedia.com/terms/c/consolidated-tax-return.asp.

the costs of prosecution."); 28 USC § 7206 ("Any person who - … Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter, … shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 [$500,000 in the case of a corporation], or imprisoned not more than 3 years, or both, together with the costs of prosecution."  Profax should be compelled to produce the applicable tax returns because the information contained therein is not available from any other means. Profax would prefer only to produce unsworn, "summary" profit and loss statements, but these are, as a matter of law, insufficient.

### III. Punitive Damages

Obtaining Profax's financial data is also necessary and applicable to this case because Plaintiffs seek punitive damages.[6] See *Christian v. Frank Bommarito Oldsmobile, Inc.*, No. 4:08CV1423JCH, 2009 WL 1657423, at *2 (E.D. Mo. June 10, 2009) ("'When punitive damages are claimed it is well settled that the net worth of the defendant is discoverable.'") (internal punctuation and citations omitted). Furthermore, Plaintiffs are not required to prove the submissibilty of punitive damages before the information becomes discoverable. *Doe v. Young*, No. 4:08CV197TIA, 2009 WL 440478, at *2 (E.D. Mo. Feb. 18, 2009) ("[A] plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages."). This is because a defendant's financial condition is necessary to determine "the amount of money required to punish the defendant." *Vollert v. Summa Corp.*, 389 F. Supp. 1348,

---

[6] See ECF No. 27, "First Amended Class Action Complaint", p. 27.

1349 (D. Haw. 1975). Because the operative Complaint asserts a claim for punitive damages, there can be no serious dispute that Plaintiff is entitled to discovery of Profax's financial records.

Moreover, the TCPA provides treble damages for willful or wanton violations. 47 U.S.C. § 227 (b) (3) (C); *see also Texas v. Am. Blastfax, Inc*., 164 F. Supp. 2d 892, 901 (W.D. Tex. 2001). At least one court has held that "TCPA claims are penal in nature." *Hannabury v. Hilton Grand Vacations Co*., LLC, 174 F. Supp. 3d 768, 776 (W.D.N.Y. 2016). Profax's financial condition is relevant to the TCPA's penalties for wanton and knowing conduct for the same reason it is relevant to punitive damages--to aid in determining the amount sufficient to punish and deter. *See Vollert*, 389 F. Supp. at 1349; *see also Ramirez*, 951 F.3d at 1034.

Because Plaintiffs have alleged conduct rising to the standard which justifies punitive damages, Profax's financial information is discoverable.

### IV.     Profax has yet to Formally Supplement its Discovery Responses

For all intents and purposes, Profax has provided no information regarding its finances. Profax contends that, "Prior to the filing of Plaintiff's instant motion, ProFax had provided Plaintiffs with detailed financial statements". Def. Profax, Inc's Opp. to Pltf's Mtn to Compel, p. 5. While Plaintiff acknowledges that Profax has emailed documents which purport to show Profax's financial status, *Profax has not officially supplemented their discovery responses accordingly*. Because they are not proper disclosures, these documents are not worth the paper they are printed on and anything produced as such should not be considered appropriate or responsive to discovery requests.

Rule 33 states that every interrogatory answer must be provided "under oath". Fed. R. Civ. P. 33(b)(3). Failure to answer honestly carries consequences. A failure to answer an interrogatory truthfully carries the penalty of perjury. 28 USC § 1746. Profax was provided an interrogatory

request where they were asked to answer regarding their financial status, and that was supplemented by an associated request for production.[7] To date, Profax has not supplemented their discovery responses to incorporate any of the financial information they discuss in their Response in Opposition. To be sure, Profax has a duty to supplement under Rule 37(c) and a failure to do so subjects Profax to monetary penalties, the ability for Plaintiffs to inform the jury about Profax's failures, and the imposition of sanctions by this Court. Fed. R. Civ. P. 37(c)(1). Without the sworn attestation required by the Federal Rules, there is no fear of penalty for Profax; they could claim the information sent to Plaintiffs was inaccurate and suddenly and abruptly change course when taking a position about the information contained therein at a time convenient for them.

## CONCLUSION

This Court should enter an Order compelling Profax to produce its financial information, including tax returns, in response to Plaintiffs' Interrogatory No. 19 and Request for Production No. 67. Profax has no justifiable reason to withhold such data, since they are the ones who have injected Profax's financial status into this case in threatening to decertify the class. The information contained in Profax's tax records cannot be obtained by any other reliable means. Additionally, Plaintiffs allegations of punitive damages justify the discovery of Profax's financial information.

---

[7] The full text of the Interrogatory and Request for Production are set forth in Plaintiff's Motion to Compel.

        Respectfully submitted,

        KEANE LAW LLC

        */s/ Steven Duke*
        Ryan A. Keane, #MO62112
        Steven W. Duke #MO68034
        7777 Bonhomme Ave, #1600
        St. Louis, MO 63105
        Phone: (314) 391-4700
        Fax: (314) 244-3778
        ryan@keanelawllc.com
        steve@keanelawllc.com
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's Electronic Filing System this 14th day of December, 2020, which will send a notice of electronic filing to all counsel of record.

/s/ Steven Duke