UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVINE HAT CO., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  No. 4:16-CV-1132-SNLJ |
| | ) |
| INNATE INTELLIGENCE, LLC, | ) |
| *et al*., | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT PROFAX, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SURREPLY IN CONNECTION WITH PLAINTIFF'S MOTION TO COMPEL, AND REQUESTING HEARING**

In its recently filed Reply in Support of Motion to Compel (Doc. 192), Plaintiff attempts to backfill its bare-bones opening brief by expanding or raising for the first time a variety of theories, authorities and arguments. ProFax should thus be accorded an opportunity to submit a surreply addressing Plaintiff's arguments.

For example, Plaintiff has raised at least two new issues in its Reply brief. First, Plaintiff argues in its reply that the financial statements produced by ProFax are merely "summaries" and that they are somehow insufficient or deficient in Plaintiff's view. (Id. at 1, 4–7.) In so doing, Plaintiff impermissibly pivots from its initial argument seeking to compel ProFax to produce financial statements to a new argument concerning the contents of ProFax's December 3, 2020 production. The parties have not met and conferred regarding the contents of ProFax's subsequent production, as required by Local Rule 3.04(A). Nor does the Court have before it the referenced

1885150

financial statements, which are highly confidential and were produced to counsel on a confidential basis.[1]

Second, Plaintiff argues in its reply that ProFax did not serve supplemental pleadings responding to Plaintiff's single RFP and single Interrogatory at issue in the motion to compel along with ProFax's supplemental production of the financial statements and accountant's letter produced by ProFax on December 3, 2020. (Doc. 192 at 8–9.) The parties also have not met and conferred under Local Rule 3.04(A) regarding this issue, which is a red herring easily remedied. Had Plaintiff's counsel simply requested these supplemental pleadings, ProFax's counsel would have readily agreed and, indeed, will do so within a week.

Neither of these issues have been briefed before this Court or discussed with ProFax's counsel. ProFax therefore should be provided an opportunity to respond to these new arguments.

Additionally, Plaintiff is utilizing its reply brief to present arguments never made in its opening brief in an attempt to meet its burden of proof as to why the Court should compel production of confidential consolidated tax returns filed by ProFax's parent that includes highly confidential information not pertinent to ProFax's financial situation. ProFax also should be afforded an opportunity to respond to these arguments as well.

Leave to file a surreply is appropriate under the circumstances. District courts allow surreplies when the reply memorandum in support of the original motion introduces new issues or arguments. Travelers Indem. Co. v. S.M. Wilson & Co., 4:04 CV 01365 ERW, 2005 WL 2234582, at *3, n.4 (E.D. Mo. Sept. 14, 2005); see also Collier v. Hanger Orthopedic Group, Inc., 12-6087-CV-SJ-SOW, 2013 WL 12201281, at *5 (W.D. Mo. Feb. 15, 2013).

---

[1] If needed at this stage or in connection with a hearing on Plaintiff's Motion to Compel, ProFax will submit the financial statements to the Court for a confidential "in camera" inspection or, alternatively, under seal pursuant to a protective order.

Plaintiff advanced new arguments in its reply brief after ProFax voluntarily produced the financial statements it had told Plaintiff's counsel it would produce, rendering moot Plaintiff's motion to compel such financial statements.[2] (Doc. 190.) Plaintiff argued for the first time in its reply that the financial statements it had requested in discovery and which it knew ProFax would be producing are insufficient summaries in Plaintiff's view.  Plaintiff could have raised this issue, and met and conferred about it, much earlier.  Indeed, the financial statement ProFax produced in December 2020 are the type of profit and loss statements ProFax had provided Plaintiff during settlement discussions in 2018, for earlier time periods.  Moreover, a letter from ProFax's accountant accompanied the December 2020 production to provide Plaintiff's counsel further assurance of the profit and loss statement produced.

Numerous courts have rejected precisely the same pivot Plaintiff now makes in its reply brief.  See Merrick v. Inmate Legal Servs., No. CV-13-01094-PHX-SPL (BSB), 2017 U.S. Dist. LEXIS 227170, at *4-5 (D. Ariz. May 17, 2017) (internal record citations omitted) ("In their motion to compel, Defendants sought an order directing Plaintiff to respond to their discovery requests and that motion complied with the meet and confer requirement. Plaintiff subsequently responded to Defendants' discovery requests.  In their reply, Defendants complain that those responses are insufficient, but they did not attempt to resolve that discovery issue with Plaintiff before bringing that issue before the Court.  Therefore, the Court will not consider the new discovery issue raised for the first time in Defendants' reply."); see also Santos v. Baca, No. 2:11-cv-01251-KJD-NJK, 2015 U.S. Dist. LEXIS 152733, at *7–8 (D. Nev. Nov. 10, 2015) (internal citations omitted) ("Where a party voluntarily provides the discovery that a motion to compel

---

[2] ProFax had anticipated it would be able to produce the financial statements and accountant's letter by Thanksgiving, but production was delayed approximately one week until December 3, 2020, because ProFax's bookkeeper suffered a severe injury and was unable to work.

seeks, it moots the motion . . . Instead of addressing the implications of Defendants' intervening discovery responses, Plaintiff's reply attempts to dispute the adequacy of those responses. In other words, Plaintiff abandons its argument that Defendants should be ordered to respond to its requests (because they have) and, instead, argues that Defendants' responses are defective. Plaintiff's reply therefore raises new issues and asserts new arguments. However, these arguments are procedurally improper because '[a] party is generally prohibited from raising new issues for the first time in its reply brief' as the opposing party is not afforded an opportunity to respond."); see also Jafari v. FDIC, No. 12cv2982 LAB(RBB), 2014 U.S. Dist. LEXIS 168988, at *10–11 (S.D. Cal. Dec. 5, 2014) (internal citations omitted) ("It is clear that the Plaintiffs' complaint about the sufficiency of Defendant's production arose after the Motion to Compel was filed, and Plaintiffs' arguments in the Reply are being raised for the first time. The Plaintiffs' Motion to Compel was brought to ensure that the Defendant produced the documents . . . prior to the discovery cutoff date. Plaintiffs now acknowledge that Defendant has produced the documents. Nonetheless, Plaintiffs' Reply makes it clear that a new controversy has arisen with respect to the sufficiency of the production. The new dispute is not properly raised by the Plaintiffs' Reply.").

Similarly, Plaintiff's new complaint regarding non-receipt of additional discovery pleadings from ProFax to supplement or update formally its earlier objections and responses also is not properly before this Court. As above, the parties have not met and conferred regarding this issue. ProFax's first priority was producing the supplemental financial statements Plaintiff sought. ProFax has every intention of providing the supplemental discovery pleadings as well, and will endeavor to do so within five (5) business days. The Court should not be burdened with a discovery dispute that the parties have not attempted to resolve without judicial intervention and which essentially is a non-dispute. ProFax at no time indicated it would not provide Plaintiff with

4

1885150

supplemental discovery pleadings pertinent to the one RFP and one Interrogatory at issue. Avoiding judicial involvement in such circumstances is precisely why the meet and confer requirement of Local Rule 3.04(A) exists. Moreover, this issue was not raised in Plaintiff's opening brief, which has denied ProFax the opportunity to meaningfully respond to the argument. It is appropriate under the circumstances to grant ProFax leave to file a surreply so that it may address Plaintiff's new contentions.

It also is appropriate to allow ProFax an opportunity to respond to Plaintiff's beefed up arguments seeking production of consolidated tax returns of ProFax's parent. Plaintiff did not present any argument in this regard in its opening brief despite knowing that ProFax did not file its own tax return. Instead, Plaintiff without discussion cited a couple of cases from other courts in dissimilar cases involving tax returns; thus preventing ProFax from any true opportunity to address Plaintiff's arguments.

WHEREFORE, ProFax hereby requests leave to file its surreply within five (5) business days of the Court's Order granting it leave to do so. ProFax additionally requests that the Court hold a hearing on Plaintiff's Motion to Compel so that all arguments and circumstances pertinent to Plaintiff's Motion to Compel can be fully addressed and presented to the Court.

1885150

Dated: December 16, 2020  

                                          Respectfully submitted,

                                          GREENSFELDER, HEMKER & GALE, P.C.

                                          By   /s/ Mary Ann L. Wymore  
                                                 Mary Ann L. Wymore, #44061  
                                                 mlw@greensfelder.com  
                                               Dawn M. Johnson, #41991  
                                               dmj@greensfelder.com  
                                             10 South Broadway, Suite 2000  
                                             St. Louis, Missouri 63102  
                                             Telephone:  314-241-9090  
                                             Facsimile:  314-241-8624

*Attorneys for Defendant ProFax, Inc*.

## CERTIFICATE OF SERVICE

     The undersigned certifies that on this 16th day of December, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

                                                                                /s/ Mary Ann L. Wymore

1885150