UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVINE HAT CO., on behalf of itself and all other similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:16-cv-01132 SNLJ |
| INNATE INTELLIGENCE, LLC, et al., ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Levine Hat Co. filed this putative class action lawsuit against numerous defendants alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Currently before the Court is plaintiff's motion to compel [#190].

Plaintiff seeks an order compelling defendant ProFax, Inc. to produce certain financial documents. The parties had been in settlement negotiations for some time before active litigation resumed in the fall of 2020. Before the parties' settlement, plaintiff had propounded certain discovery requests on ProFax regarding ProFax's financial condition. When the parties resumed discovery, they negotiated ProFax's response to the same variety of questions. Plaintiff now seeks an order compelling ProFax to respond to Interrogatory No. 19 and Request for Production No. 67, and to include copies of Defendant Profax's tax returns for the period of March 1, 2017 until the present. The discovery requests read as follows:

1

>Interrogatory 19: List YOUR total annual revenue, net operating expenses, net profit, assets and liabilities for the RELEVANT TIMEPERIOD.
>
>Request for Production 67: Financial statements or other DOCUMENTS showing YOUR income, net income, revenue, profit, operating expenses, assets, liabilities and cash on hand for the RELEVANT TIME PERIOD.

ProFax responds that it has provided a comprehensive set of ProFax's confidential profit and loss statements for the entirety of the years 2015, 2016, 2017, 2018, 2019, and through the third quarter of 2020. ProFax contends that it has satisfied its obligations with respect to Interrogatory 19 and Request 67 and that it should not be required to produce tax returns.

Plaintiff contends that ProFax must supply its tax returns because the profit and loss statements it produced are unsworn summaries. In a surreply, to address that concern, ProFax states it provided its accountant-verified supplemental answers to the discovery requests. ProFax argues that the verified answers render plaintiff's argument moot on that point. ProFax adds that the profit and loss statements provide ProFax's annual income, income by channel, total operating expenses, operating expenses by category, gross profits, net income, and liabilities.

ProFax has explained that it does not file its own tax returns. Instead, its parent company, nonparty CyberData, files a consolidated tax return each year. "A party seeking disclosure of tax returns must show: (1) the information is relevant; and (2) there is a compelling need for the disclosure because the information is not otherwise readily obtainable." *Scottrade, Inc. v. Variant, Inc.*, No. 4:13CV1710 RLW, 2014 WL 5489291, at *2 (E.D. Mo. Oct. 30, 2014). The tax returns for ProFax's parent

CyberData are relevant only with regard to the information they disclose regarding ProFax's financial condition.  This Court does not, however, see any "compelling need" for their disclosure because the information plaintiff seeks has been conveyed as verified financial statements.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#190] is DENIED.

Dated this   21st   day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE