**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEVINE HAT CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1132-SNLJ |
| | ) | |
| INNATE INTELLIGENCE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PROFAX, INC.'S MOTION TO VACATE OR CONTINUE TRIAL DATE**

COMES NOW Defendant ProFax, Inc. ("ProFax"), through its undersigned counsel, and, to give the Court time to rule on pending motions and in light of ongoing COVID-19 restrictions, respectfully requests that the Court vacate or continue the current May 17, 2021, trial setting, and the April 26, 2021, and May 7, 2021 dates for submission of the Parties' pre-trial compliance and motions in limine pending the Court's ruling on ProFax's Motion to Decertify Class and for Summary Judgment and Plaintiff's Motion for Summary Judgment directed against ProFax. In support of this Motion, ProFax states as follows:

1. Plaintiff filed its original Class Action Complaint on July 13, 2016, against two defendants, Innate Intelligence, LLC and Neptune Enterprises, LLC. (Dkt. 1.) Plaintiff filed its First Amended Class Action Complaint on January 3, 2017, naming numerous additional defendants, including ProFax. (Dkt. 27.)

2. In its First Amended Class Action Complaint, Plaintiff avers that ProFax is

liable under the TCPA for faxes sent by co-Defendant Innate Intelligence, LLC, because ProFax allegedly transmitted Innate's faxes without displaying an opt-out notice compliant with FCC regulations. (Dkt. 027, ¶ 146.)

3. The Court granted Plaintiff's motion to certify a class on February 9, 2018. (Dkt. 120.)

4. By Docket Text ORDER on May 23, 2018 (Dkt 129), the Court granted ProFax's Motion to Substitute Counsel (Dkt. 128), upon which ProFax's undersigned attorneys substituted in the case for ProFax's prior counsel.

5. On December 23, 2019, following months of litigation, settlement negotiations, and a mediation, the Parties Filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class. (Dkt. 169.)

6. During a telephone conference with counsel on January 3, 2020, the Court advised the Parties that the proposed class settlement was inadequate, but allowed the parties to continue negotiations.

7. On April 28, 2020, the Court held a telephonic status conference during which counsel advised the Court that ProFax, a company located in New York, was being severely impacted by the coronavirus pandemic, including with respect to its financial viability.

8. Given the uncertainties surrounding the pandemic, which prompted statewide shelter orders in New York and numerous other states for non-essential businesses, the Court by Order dated April 28, 2020, stayed the case at the request of the

Parties so that they could assess the ongoing health crisis and its effect on Defendants. (Dkt. 179.)

9. By joint status report to the Court on August 3, 2020, ProFax advised the Court that its financial condition had not improved and, if anything, had worsened; and that ProFax still was not in a position to engage in further settlement discussions. (Dkt. 183.)

10. On August 5, 2020, the Court then issued its Order denying the Parties' proposed Class Action Settlement. (Dkt. 184.)

11. On September 1, 2020, the Court issued its Amended Case Management Order re-setting trial in this matter for May 17, 2021, and setting a dispositive motion deadline of February 1, 2021. (Dkt. 187.)

12. On February 1, 2021, Plaintiff filed a Motion for Summary Judgment Against Defendant ProFax on Count VIII of the Amended Class Action Complaint. (Dkt. 199.) Plaintiff's MSJ is fully briefed and pending before the Court.

13. Also on February 1, 2021, Plaintiff filed separate Motions for Summary Judgment directed against each of the other Defendants in this case, Nepute Enterprises, LLC and Innate Intelligence. (Dkts. 204 and 209, respectively.) Neither Innate nor Nepute responded to those motions for summary judgment, which are pending before the Court.

14. Also on February 1, 2021, Defendant ProFax filed its Motion to Decertify Class and for Summary Judgment. (Dkt. 214.) ProFax's Motion to Decertify and for Summary Judgment also is fully briefed and pending before the Court. Chief among ProFax's arguments in support of decertification of the class is ProFax's deteriorated financial condition which would prevent it from withstanding a class action judgment

should Plaintiff prevail. ProFax also argued in support of decertification a 2019 FCC ruling which, as applied to this case, would fairly necessitate mini-trials of each class member's claims. (See Dkt. 220, pp. 5-9.)

15. As of this date, ProFax's financial situation has not improved and is such that ProFax cannot afford to incur attorneys' fees associated with pretrial pleadings and trial of this matter. ProFax's undersigned counsel already has a substantial receivable with little to no prospect of payment.

16. In view of the fully briefed motions of Plaintiff and Defendant ProFax pending before the Court, ProFax respectfully requests that the Court vacate or continue the imminent trial setting and related April 26, 2021, and May 7, 2021, pretrial compliance deadlines at least until such time as the Court rules on the motions and the Parties can assess what, if anything, remains to be litigated.

17. Vacating the trial at this time also would be appropriate under the Court's March 8, 2021 Order concerning Case Operations and Courthouse Entry Due to the COVID-19 Response ("COVID-19 Response Order"), which states that the ongoing national response to COVID-19 should be considered when assessing trial settings and continuance requests.

18. Specifically, the COVID-19 Response Order provides that effective March 15, 2021:

> Jury trials may commence in any Division of this District, but *due to the precautions necessary to commence an in-person court proceeding during the current pandemic, including but not limited to effective social distancing measures for jurors, parties, witnesses, public, and court staff, only a very limited number of jury trials or other in-person criminal proceedings may*

*commence*. (Emphasis added.)

19. The COVID-19 Response Order further provides that "In-person criminal proceedings shall take general precedence over in-person civil proceedings. In-person civil proceedings may only commence if an extenuating circumstance demands that an in-person proceeding is necessary in the interests of justice in a particular case."

20. Extenuating circumstances do not exist in this case. In fact, the converse is true. An in-person trial would require all of ProFax's witnesses and representatives to travel interstate from New York, Florida and potential other jurisdictions at additional risk to them and to all persons in attendance in Court for trial.

21. A remote trial will not cure the problems associated with trial during the continuing pandemic. Given the dispersed location of ProFax, its witnesses and its counsel, ProFax will be greatly hampered and prejudiced, and likely will not be able to adequately prepare or present its defense to Plaintiff's class action claims which, should Plaintiff prevail at trial, is very likely to be ProFax's death knell.

22. Additionally, although video and teleconference technologies such as Zoom and Microsoft Teams provide the possibility of a remote trial, counsel's experience with such technologies since the pandemic began suggests that a multi-day trial is not amenable to proceeding remotely, as such technologies often experience connectivity issues and are not yet consistently reliable.

23. Vacating or granting a continuance in this civil case until after the Court rules on pending motions would serve the multiple purposes of (1) furthering public health interests by limiting interstate travel during the pandemic, (2) allowing the Court to

prioritize its criminal trial docket, (3) potentially streamlining the issues to be tried, and (4) reducing the potential that ProFax will not receive a fair trial.

24. Pursuant to the COVID-19 Response Order, counsel for ProFax communicated with Plaintiff's counsel regarding ProFax's proposed continuance. Plaintiff's counsel does not consent to ProFax's Motion.

25. This motion is made in good faith in the interests of justice and efficiency, and not for the purposes of delay.

WHEREFORE, Defendant ProFax, Inc. respectfully requests that the Court vacate the May 17, 2021, trial setting and the April 26, 2021 and May 7, 2021, dates for related pretrial submissions and motions in *limine* pending the Court's ruling on Defendant ProFax's Motion to Decertify and for Summary Judgment, and Plaintiff's Motion for Summary Judgment directed against ProFax, and for such other relief as the Court deems just and proper.

April 21, 2021

GREENSFELDER, HEMKER & GALE, P.C.

By /s/ *Mary Ann L. Wymore*

Mary Ann L. Wymore, #44061
mlw@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: 314-241-9090
Facsimile: 314-241-8624

*Attorneys for Defendant ProFax, Inc*.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of April, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

/s/ *Mary Ann L. Wymore*