# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# (EASTERN DIVISION)

| | |
|---|---|
| **LEVINE HAT CO.**, on behalf of itself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>**INNATE INTELLIGENCE, LLC** et al.,<br><br>        Defendants. | Case No. 4:16-cv-01132-SNLJ |

## JOINT SUMMARY OF THE CASE
## AND STIPULATION OF UNCONTESTED FACTS

As directed by this Court's Case Management Order, the parties met, conferred, and prepared the following stipulations of fact:

### BRIEF SUMMARY OF THE CASE

This is a civil class action lawsuit filed by Plaintiff Levine Hat Co. against Defendants Innate Intelligence, LLC, Nepute Enterprises, LLC, and ProFax, Inc. This case arises out of a facsimile transmission, or "fax", transmitted by ProFax, Inc., on behalf of Innate Intelligence between January 27, 2016 and July 13, 2016. Innate hired a professional fax broadcaster, ProFax, Inc., to send the fax at Innate's direction. This fax invited businesses to schedule a FREE "Lunch 'N Learn" on stress management. The fax was sent

to 10,031 recipients.

A federal law known as the Telephone Consumer Protection Act, also called the TCPA, declares it is unlawful to fax unsolicited advertisements to recipients unless certain specific conditions are met. Plaintiffs allege that the "Lunch 'N Learn" faxes were "advertisements" under the TCPA and did not meet the conditions required by federal law and, therefore, claim that the faxes were unlawfully sent. Defendant ProFax denies Plaintiff's allegations, including that the subject fax was an advertisement under the TCPA. Defendant ProFax further claims that it is not a "sender" of Innate's faxes for purposes of the TCPA and that it did not have a high degree of involvement in, or actual notice of, the unlawful activity, which is necessary to hold a fax broadcaster liable under the TCPA.

## UNCONTESTED FACTS

1. Defendant ProFax, Inc. ("ProFax") is a New York corporation with its principal place of business in New York.

2. Defendant Innate Intelligence, LLC ("Innate") is a Wisconsin corporation with its principal place of business in Wisconsin.

3. Defendant Nepute Enterprises, LLC ("Nepute") is a Missouri corporation with its principal place of business in Missouri.

4. As part of the partnership agreement between Nepute and Innate, Dr. Nepute appointed Rob Eyler, CEO of Innate, to Innate's advisory board.

5. Innate agreed to give Nepute permission to use the IWC designation on all clinic marketing materials.

6. Nepute agreed that Innate may use their name, likeness, logo, and photos of its employees.

7. Nepute agreed to work exclusively with Innate for the purpose of providing paid on-site chiropractic care.

8. On or about July 5, 2016, Plaintiff Levine Hat Co. ("Levine Hat") received a fax (the "Subject Fax") from Innate Intelligence, LLC.

9. RedMoxy Communications LLC ("RedMoxy") designed Innate's Lunch n' Learn invitations based on a template provided by Innate to RedMoxy.

10. The faxes sent by ProFax on Innate's behalf concerned invitations to free "Lunch n' Learn" events hosted by Innate.

11. Innate made the decision to distribute the Lunch n' Learn flyers by facsimile.

12. ProFax is a professional fax broadcasting service.

13. ProFax provides fax transmission services.

14. ProFax distributes information by fax at the direction of its clients.

15. ProFax was hired by Innate for the purposes of broadcasting the Subject Fax.

16. ProFax transmitted faxes for and under the direction of its customer Innate.

17. ProFax uses digital fax cards located in a server to broadcast faxes.

18. Levine Hat had never had any business or other dealings with Innate or any clinics prior to receiving the Subject Fax and this litigation.

19. Innate retained the transmission logs showing the fax number and time of transmission of each of the subject faxes.

20. ProFax generated these transmission logs after sending the subject faxes and then emailed the transmission logs to Innate.

21. ProFax's general business practice is to delete these transmission logs.

22. The size of the transmission logs produced by Innate in this case is 2.62 megabytes.

23. As a matter of public record, a 32-gigabyte portable flash drive data is available for approximately $5 dollars.

24. ProFax provides clients with opt-out services, if requested.

25. ProFax's opt-out services are automated.

26. When ProFax receives an opt-out request from a fax recipient, the request is automatically recorded on ProFax's servers and the recipient will receive no further faxes.

27. ProFax's clients are sent final proofs by ProFax before faxes are distributed.

28. The client must review and approve the final proof before ProFax will distribute the message.

29. Levine Hat had to pay for the ink and paper used to print Innate's advertisement.

30. The fax numbers to which ProFax sent the Subject Fax on behalf of Innate were provided to ProFax by Innate.

31. ProFax's clients provide ProFax with the fax numbers of the desired recipients of fax messages.

32. Fax List Wholesalers referred Innate to ProFax.

33. Innate purchased the list of fax numbers to which the subject fax was sent from Fax List Wholesalers.

34. ProFax was not involved in any conversations between Innate and Fax List Wholesalers.

35. Innate's agreement with ProFax contains language that states ProFax does not condone or participate in the sending of unsolicited fax messages.

36. Innate never made any efforts to determine whether or not it had an existing relationship with anyone to whom it sent the subject fax.

37. Innate never had any policies or procedures regarding checking the recipients of the subject faxes to see if there were any relationships with those people prior to transmission.

38. All faxes sent by ProFax on Innate's behalf were sent only to numbers Innate provided to ProFax.

39. The opt-out notice included on the subject fax did not include a facsimile machine number for the recipient to transmit a request to the sender of the subject fax not to send future unsolicited advertisements.

40. The opt-out notice included on the subject fax did not include a notice to the recipient that any opt-out request sent must include the fax number that the recipient wishes to opt-out from future unsolicited advertisements.

41. ProFax did not alter the list provided by Innate, unless instructed by Innate to do so.

42. Innate provided ProFax with several lists of recipients who had opted out from receiving faxes.

43. ProFax added those numbers to its database to ensure that those numbers would not receive fax messages.

44. Innate requested automated opt-out services from ProFax, and ProFax provided such services to Innate.

45. All recipients of Innate's Lunch n' Learn faxes who opted out would no longer receive fax messages by operation of ProFax's automated system.

46. There are 10,031 class members in this case, each of whom received one of the subject faxes.

Dated:  May 7, 2021                         Respectfully submitted,

                                            KEANE LAW LLC

                                            By:  /s/ Steve Duke_____
                                            Ryan A. Keane, # 62112MO
                                            Steven Duke, # 68034MO
                                            7777 Bonhomme Ave, Ste 1600
                                            St. Louis, MO 63105
                                            Ph: (314) 391-4700
                                            Fx: (314) 244-3778
                                            ryan@keanelawllc.com
                                            steve@keanelawllc.com

                                            *Attorneys for Plaintiffs*

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ *Mary Ann L. Wymore*
    Mary Ann L. Wymore, #44061
    mlw@greensfelder.com
    Peter W. Mueller, #70262
    pmueller@greensfelder.com
    10 South Broadway, Suite 2000
    St. Louis, Missouri 63102
    Telephone: 314-241-9090
    Facsimile: 314-241-8624

*Attorneys for Defendant ProFax, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's Electronic Filing System this 7th day of May, 2021, which will send a notice of electronic filing to all counsel of record.

*/s/ Steven Duke*