UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(EASTERN DIVISION)

| | |
|---|---|
| **LEVINE HAT CO.**, on behalf of itself and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:16-cv-01132-SNLJ ) |
| **INNATE INTELLIGENCE, LLC** et al., | ) ) |
| Defendants. | ) ) ) |

## TRIAL BRIEF

This trial will focus on two primary factual questions, both of which are the subject of the pending Motions for Summary Judgment before this Court: whether the Subject Faxes were advertisements, and whether Defendant ProFax had a high degree of involvement or actual notice of the at-issue facsimile transmissions. Those facsimile transmissions were unlawful under the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*, the "TCPA") for two reasons: (1) no established business relationship with the recipients existed and (2) the opt-out notices were deficient in multiple respects. The parties do not dispute that the opt-out notices violated the TCPA; ProFax's Response to Plaintiffs' Motion for Summary Judgment failed to address this

issue, thereby conceding the point.[1] "The TCPA is a strict liability statute and so it does not require any intent for liability." *Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2017 WL 2242952, at *1 (M.D.N.C. May 22, 2017). Damages are fixed by statute at $500 per call. 47 U.S.C. § 227(b)(3). Therefore, damages do not need to be presented to the jury for consideration.

First, a fax is considered "unsolicited" under the TCPA if it is sent to a recipient who has no "established business relationship" with the sender. 47 C.F.R. § 64.1200(b)(1)(C). Plaintiff believes this issue is no longer in question; the parties have stipulated to facts which show that there was no established business relationship between Defendants and the class. Therefore, this element has been met.

Fax broadcasters, like Defendant ProFax, can be held liable for violations of the TCPA – such as the statutorily deficient opt-out notice here – if they exhibit a "high degree of involvement in, or actual notice of, the unlawful activities". 47 C.F.R. § 64.1200(a)(4)(v). "'A "high degree of involvement" exists where the broadcaster (1) controls the recipient lists; and/or (2) controls the content of the transmissions.'" *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. C13-1347-JCC, 2015 WL 778065, at *7 (W.D. Wash. Feb. 24, 2015) *citing Rules and Regulations Implementing the TCPA of 1991,* 68 F.R. 44144–01, 44169 (2003).

---

[1] *See* Plaintiffs' Reply in Support of their Motion for Summary Judgment Against Defendant Profax, (ECF Doc. No. 232) p. 2-3.

In the case at hand, the evidence shows that ProFax controlled the content of the Subject Faxes; it created and applied the unlawful fax opt-out provision. Furthermore, ProFax controlled and managed the opt-out lists on behalf of Defendant Innate Intelligence. Therefore, ProFax had a high degree of involvement with Subject Faxes, subjecting them to liability under the TCPA. ProFax is also independently liable because it had "actual notice of the unlawful activity" because 1) it had actual notice of the contents of the deficient opt-out notices, and 2) it had actual notice there was no existing business relationship with the recipients, because the recipient lists were purchased from Fax List Wholesalers and there was no vetting of the numbers. Therefore, ProFax is liable under the TCPA because it had actual notice of the unlawful activity and failed to take steps to prevent it.

The next question for the jury is whether the Subject Faxes that contained the unlawful opt-out notice were "advertisements". The text of the TCPA defines what constitutes an "unsolicited advertisement": "The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Additionally, within the context of the TCPA, the FCC has defined an "unsolicited advertisement" as "facsimile messages that promote goods or services even at no cost, such as free magazine

subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition. In many instances, 'free' seminars serve as a pretext to advertise commercial products and services." <u>Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>; *Junk Fax Prevention Act of 2005*, 71 FR 25967-01. Plaintiffs will show the members of the jury that the Subject Faxes were sent with the intent to generate business revenue, and the proclamations of "FREE" were merely pretextual.

In addition, two Defendants (Innate Intelligence and Nepute Enterprises) have not responded to Plaintiff's Motions for Summary Judgment. A grant of summary judgment against these two Defendants will undoubtably streamline the issues presented to the jury. At this juncture, it is unclear whether either of these Defendants will appear at trial.

DATED: May 7, 2021						Respectfully submitted,

KEANE LAW LLC

 */s/ Steven W. Duke*
Ryan A. Keane, #62112MO
Steven W. Duke, #68034MO
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via the Court's Electronic Filing System this 7th day of May 2021, which will send a notice of electronic filing to all counsel of record.

                                                */s/ Steven W. Duke*