**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LEVINE HAT CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1132-SNLJ |
| | ) | |
| INNATE INTELLIGENCE, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PROFAX, INC.'S PROPOSED JURY INSTRUCTIONS

Defendant ProFax, Inc. ("ProFax") respectfully submits its proposed jury instructions.  ProFax reserves the right to seek leave to remove, add, or modify its proposed jury instructions based on the Court's rulings on ProFax's pending motion to decertify class and for summary judgment, Plaintiff's pending motions for summary judgment, and the Parties' respective Motions in Limine.

1902662

## 1.01 EXPLANATORY: BEFORE VOIR DIRE

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

From now until you are discharged from the case, and for those who are selected to try the case, from now until you retire to deliberate on a verdict at the end of the trial, you may not discuss this case with anyone, even the other jurors. You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.

Furthermore, you must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, claims, evidence or anything else related to this case.

After you retire to deliberate on a verdict at the end of the trial, you must discuss the case with only the other jurors. You must not tell anyone else anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.  If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence and the law.

1902662

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Those of you who are selected for the jury in this case must decide this case based only on the evidence received by the court here in the courtroom and the instructions on the law that I give the jury. Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not

3

presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of the court and punished accordingly.

[*Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial*?]

*Manual of Model Civil Jury Instruction for District Courts of the Eighth Circuit*:

## 1.02 EXPLANATORY: RECESS AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you. Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

1902662

## 1.03  EXPLANATORY:  GENERAL;  NATURE  OF  CASE;  DUTY  OF  JURY; CAUTIONARY

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors.

At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later are equally important and you must follow them all.

[*Describe the court's digital electronic device policy*]  You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by plaintiff Levine Hat Company on behalf of itself and a class of plaintiffs against defendants Innate Intelligence, LLC, Nepute Enterprises LLC, and ProFax, Inc.

[*Read Joint Statement*]

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the any of the defendant(s).

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you

6

have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

1902662

## 1.04 EXPLANATORY: EVIDENCE; LIMITATIONS

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

1902662

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, because the law makes no distinction between the weight to be given to direct and circumstantial evidence.

1902662

### 1.05 EXPLANATORY: BENCH CONFERENCES AND RECESSES

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

1902662

**1.06 EXPLANATORY: NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.  You may not take notes during the trial.

## 1.08 EXPLANATORY: CONDUCT OF THE JURY

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the [*identify*].

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this

12

1902662

case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, Instagram, YouTube, Twitter or any other type of social media. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law,

or the companies and people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice.

1902662

Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

1902662

## 1.09 EXPLANATORY: OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witness[es].  After the plaintiff has finished presenting its case, the defendant[s] may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witness[es].

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence.  After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

1902662

## 2.01 EXPLANATORY: DUTIES OF JURY; RECESSES

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

1902662

18

## 2.03 EXPLANATORY: STIPULATED FACTS

The plaintiff and the defendant[s] have stipulated -- that is, they have agreed -- that the following facts are true.

[*Read Stipulated Facts*]

You must, therefore, treat those facts as having been proved.

1902662

## 2.04 EXPLANATORY: JUDICIAL NOTICE

I have decided to accept as proved the following fact[s]:

[*Identify Facts Judicially noticed*]

You must accept these facts as proved.

## 2.08 EXPLANATORY: EVIDENCE ADMITTED AGAINST ONLY ONE PARTY

Each party is entitled to have the case decided solely on the evidence that applies to that party. Some of the evidence in this case is limited under the rules of evidence to one of the parties, and cannot be considered against the others.  The evidence you just heard can be considered only in the case against [*Identify*].

21

## 2.14 EXPLANATORY: DEPOSITION EVIDENCE AT TRIAL

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you [OR was electronically video recorded and that recording now will be played for you].

You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. You should not place any significance on the manner or tone of voice used to read the witness's answers to you.

22

### 3.01 EXPLANATORY: ADDITIONAL INSTRUCTIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

1902662

### 3.02 EXPLANATORY: JUDGE'S OPINION

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

1902662

## 3.03 EXPLANATORY: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

1902662

***Modified Model Rule:***  **All available witnesses or evidence need not be produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case

1902662

### 3.04 EXPLANATORY: BURDEN OF PROOF (Ordinary Civil Case)

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

1902662

## 3.06 EXPLANATORY: ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.  Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [*identify*] and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: [*read form*]. You will take this form[s] to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form[s], sign and date them, and tell the [*identify*] that you are ready to return to the courtroom.

1902662

*ProFax Proposed Additional Instructions/Definitions*:

### Definition - Facsimile Broadcaster

A "facsimile broadcaster" is a person or entity that transmits messages to telephone facsimile machines on behalf of another person or entity for a fee.

A facsimile broadcaster is not liable for damages under the Telephone Consumer Protection Act unless it:

(a)     had a high degree of involvement in the unlawful transmission of an unsolicited facsimile advertisement by its customer; or

(b)     had actual notice of the unlawful transmission of an unsolicited facsimile advertisement by its customer;

and fails to take steps to prevent the unlawful transmission.

A facsimile broadcaster is not liable for a customer's transmission of an unsolicited facsimile advertisement if it did not have a high degree or involvement in the unlawful transmission and did not have actual notice an unlawful transmission was being initiated and failed to take steps to prevent the unlawful transmission.

47 C.F.R. § 64.1200(f)(8); 47 C.F.R. § 64.1200(f)(6); 47 C.F.R. § 64.1200(a)(3)(vii); In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC No. 95-310, 10 F.C.C.R. 12391, 12407-08 (Aug. 7, 1995)
.

## Definition – High Degree of Involvement

A facsimile broadcaster has a "high degree of involvement" in the unlawful transmission of an unsolicited facsimile advertisement only if:

(a)     the facsimile broadcaster supplies the fax numbers used by the customer to transmit the facsimile advertisements; or

(b)     the facsimile broadcaster supplies a source of fax numbers to the customer for the purpose of transmitting the facsimile advertisements; or

(c)     the facsimile broadcaster makes representations to the customer about the legality of sending the unsolicited facsimile advertisements; or

(d)     the facsimile broadcaster creates or assists in creating the content of the unsolicited facsimile advertisement sent by its customer; or

(e)     the facsimile broadcaster advises its client about how to send the facsimile advertisements in compliance with the applicable facsimile advertising rules.

A facsimile broadcaster who does not do any of the above does not have a high degree of involvement in the unlawful transmission of an unsolicited facsimile advertisement.

Defendant ProFax's provision of "opt-out" services and a toll-free number to customers for the purpose of receiving and managing requests to stop receiving facsimiles is not evidence of a high degree of involvement under the TCPA.

In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC No. 95-310, 10 F.C.C.R. 12391, 12407-08 (Aug. 7, 1995); See, e.g., In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, 21 F.C.C.R. 3787, 3808 (April 6, 2006); Portuguese American Leadership Council of the U.S., Inc. v. Investors' Alert, Inc., 956 A.2d 671, 681, n.11 (D.C. 2008); Taylor v. XRG, Inc., No. 06AP-839, 2007 WL 1816142 *7-8 (Ct. App. Ohio June 21, 2007).

**Definition – Willful or Knowing**

The TCPA allows for the imposition of additional damages if the law is willfully or knowingly violated.  The law is "willfully" and "knowingly" violated when the defendant knows of the TCPA's prohibitions, knows it does not have permission to send the fax advertisement to the plaintiff, and sends it anyway.

Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc., 139 S.W.3d 342, 346 (Tex. App. 2004); Sliwa v. Bright House Networks, LLC, 333 F.R.D. 255, 264–65 (M.D. Fla. 2019); KHS Corp. v. Singer Fin. Corp., 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019); Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015).

1902662

**Instruction - Fax-By-Fax Determination**

Plaintiff has the burden to persuade you by a preponderance of the evidence that Defendant ProFax violated the Telephone Consumer Protection Act with respect to each individual facsimile transmission sent to each recipient for which damages are sought.  You must consider each facsimile submitted by Plaintiff on its own merits.  A determination as to any single facsimile does not apply, without specific consideration of the applicable evidence, to any other facsimile.

Levitt v. Fax.com, No. 05-549, 2007 WL 3169078, at *3 (D. Md. May 25, 2007); Forman v. Data Transfer, Inc., 164 F.R.D. 400, 404 (E.D. Pa. 1995); In the Matter of Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005, No. 05-338, 2019 WL 6712128 (OHMSV Dec. 9, 2019).

1902662

## Instruction - Alleged Noncompliance With TCPA

Plaintiff claims that Defendant ProFax, Inc. violated the Telephone Consumer Protection Act by transmitting Defendant Innate's *Lunch n' Learn* facsimile to Plaintiff Levine Hat Company and each member of the class.

Plaintiff has the burden of proof and so must persuade you by a preponderance of the evidence on each of the following propositions for each such facsimile sent to each recipient class member:

*First*:  That [Plaintiff] [Class Member] received Defendant Innate's facsimile on [its] [Class Member's] facsimile machine;

*Second*:  That [Plaintiff] [Class Member] received Defendant Innate's facsimile on a facsimile machine that automatically printed the facsimile and not as an email that was not automatically printed;

*Third:*  That Defendant Innate's facsimile received by [Plaintiff] [Class Member] advertises the commercial availability or quality of a property, good or service;

*Fourth*:  That Defendant Innate's facsimile was transmitted to [Plaintiff] [Class Member] without [Plaintiff's] [Class Member's] prior express invitation or permission;

*Fifth*:  That [Plaintiff] [Class Member] did not have an established business relationship with ProFax, Inc. or its customer Defendant Innate;

*Sixth*:  That Defendant ProFax, Inc., in its capacity as a facsimile broadcaster, transmitted Defendant Innate's facsimile to [Plaintiff] [Class Member]; and

*Seventh*:  That Defendant ProFax, Inc. had a high degree of involvement in

34

connection with Defendant Innate's facsimile transmitted to [Plaintiff] [Class Member] and failed to take steps to prevent the unlawful transmission; or

That Defendant ProFax, Inc. had actual notice that Innate's facsimile transmitted to [Plaintiff] [Class Member] violated the TCPA and failed to take steps to prevent the unlawful transmission.

47 U.S.C. § 227; 47 C.F.R. § 64.1200(f)(8); 47 C.F.R. § 64.1200(f)(6); 47 C.F.R. § 64.1200(a)(3)(vii); Portuguese American Leadership Council of the U.S., Inc. v. Investors' Alert, Inc., 956 A.2d 671, 681, n.11 (D.C. 2008); In the Matter of Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005, No. 05-338, 2019 WL 6712128 (OHMSV Dec. 9, 2019).

1902662

Dated: May 7, 2021                          Respectfully submitted,

                                            GREENSFELDER, HEMKER & GALE, P.C.

                                            By _____/s/ *Mary Ann L. Wymore*_____
                                                  Mary Ann L. Wymore, #44061
                                                  mlw@greensfelder.com
                                                  Peter W. Mueller, #70262
                                                  pmueller@greensfelder.com
                                                  10 South Broadway, Suite 2000
                                                  St. Louis, Missouri 63102
                                                  Telephone:  314-241-9090
                                                  Facsimile:  314-241-8624

                                            *Attorneys for Defendant ProFax, Inc*.


## CERTIFICATE OF SERVICE

    The undersigned certifies that on this 7th day of May, 2021, a true and correct copy
of the foregoing was filed with the Clerk of the Court to be served by operation of the
Court's electronic filing system on all attorneys of record.

                                              _/s/ *Mary Ann L. Wymore*_____

1902662