UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVINE HAT CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-1132-SNLJ ) |
| INNATE INTELLIGENCE, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

### DEFENDANT PROFAX, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO FINANCES OF NON-PARTIES CYBERDATA, INC. AND PROFAX'S CEO

Defendant ProFax, Inc. ("ProFax"), by and through its undersigned counsel, hereby moves this Court for an Order, *in limine*, precluding Plaintiff's attorney(s) and all trial witnesses, from directly or indirectly inquiring or speculating about, or mentioning throughout the course of trial including *voir dire*, opening statement, direct examination, cross-examination, evidence, argument, or closing argument, any documents, information or comments pertaining to the finances of ProFax's parent company, non-party Cyberdata, Inc., or ProFax's CEO, non-party Ralph Potente. In support of its Motion, ProFax states as follows:

### INTRODUCTION

ProFax anticipates that Plaintiff may seek to reference, or speculate as to, the financial circumstances of ProFax's parent company, Cyberdata, Inc. or ProFax's CEO, Ralph Potente, at trial. This information is irrelevant to the issues in this case, and

1902669

accordingly is not admissible under Fed. R. Evid. 401.  And, even if the financial circumstances of Cyberdata or Mr. Potente had any probative value pertaining to the legal issues in this case, that value would be far outweighed by the risk of prejudice to ProFax.

The parties previously engaged in a discovery dispute concerning Plaintiff's motion to compel tax returns and financial data for ProFax's parent company, Cyberdata, Inc.  In its motion to compel briefing, Plaintiff argued that "ProFax should be obligated to produce its parent corporation's consolidated tax returns which show ProFax's income and liabilities" notwithstanding the fact that ProFax produced its own profit and loss statements.  Notably, the Court declined Plaintiff's Motion to Compel with respect to Cyberdata's tax returns. (Dkt. 198).

Similarly, in its memorandum in opposition to ProFax's motion for summary judgment, Plaintiff speculates with no factual underpinning that ProFax is feigning its tenuous financial position by speculating and imagining the personal finances and "lifestyle" of ProFax's CEO, Ralph Potente.  In so doing, Plaintiff inflammatorily stated:

> To be sure, the lifestyle of ProFax's CEO, Ralph Potente, belies any suggestion of monetary concerns. *See* Plaintiffs' Statement of Additional Uncontroverted Facts 9 ('SOAF'), ¶ 36. Mr. Potente's Facebook biography details a life spent between farm acreage in Palm Beach County, Florida and a horse farm in upstate New York. SOAF ¶ 37. He discusses 'life-changing' experiences in 2015 in Lesvos, Greece. SOAF ¶ 38. How are the Plaintiffs, and the Court, supposed to take seriously ProFax's cries of poverty when its CEO details how he went to the Pacific Northwest to hand-select trees that an artisan whittled 'into a genius of sacred geometry before shipping it to Long Island for [his] architectural plans'?

(Dkt. 222 at 12-13).  To try to justify its speculation which is totally inconsistent with the truth, Plaintiff attached a screenshot from Mr. Potente's personal Facebook page from several years ago, referencing Mr. Potente's trip to the Pacific Northwest and a humanitarian mission Mr. Potente took to Greece to help refugees.

Because Plaintiff has a pattern of referencing and alluding to the financial circumstances of nonparties, ProFax seeks an Order from the Court excluding evidence related to or speculating about the finances of ProFax's parent company or CEO, as such information is not relevant or otherwise admissible.  As a result, the Court should enter an order, *in limine*, barring Plaintiff from referencing or speculating about such information at trial.

## ARGUMENT

I. **INFORMATION ABOUT THE FINANCIAL SITUATION OF NON-PARTIES CYBERDATA AND PROFAX'S CEO IS IRRELEVANT TO THE ISSUES IN THIS CASE AGAINST PROFAX, AND THEREFORE INADMISSIBLE UNDER FED. R. EVID. 401 AND 402**.

Cyberdata and Mr. Potente are not parties to this suit, and accordingly, their financial situations are wholly irrelevant to the issues in the case. Under Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible" at trial.  Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  The financial circumstances of ProFax's parent company and CEO have no impact on any "fact that is of consequence to the determination of [this]

action." Under the TCPA, Plaintiff must prove that each fax at issue in this lawsuit: (1) was sent over ProFax's system, (2) was unsolicited (*i.e.*, was sent without the recipient's prior express invitation or permission), (3) was an advertisement, and (4) was sent to a telephone fax machine. Also, because ProFax is a "facsimile broadcaster" and does not meet the Federal Communications Commission's definition of a "sender," Plaintiff must also prove that ProFax had a high degree of involvement in, or actual notice of, each specific unlawful transmission and failed to take steps to prevent it. The financial stability (or lack thereof), of non-parties Cyberdata and Mr. Potente have absolutely no relevancy to these legal issues pertaining to ProFax. It also strains credulity to ask the Court to find that Mr. Potente's travel itinerary, particularly in 2015 or 2018, has any bearing on the issues in this case.

Moreover, courts routinely grant motions *in limine* to exclude evidence related to the wealth of a party's parent company or executives. *See Deflecto, LLC v. Dundas *Jafine Inc.*, 13-0116-CV-W-ODS, 2015 WL 9413148, at *6 (W.D. Mo. Dec. 22, 2015) (granting motion *in limine* to exclude evidence related to references to party's parent company and its financial condition and holding that "[a]s [parent company] is a completely separate legal entity from Plaintiff, the court finds that all of this evidence is wholly irrelevant to the issues in the case"); *Kirk v. Schaeffler Group USA, Inc.*, 3:13-CV-5032-DGK, 2016 WL 593910, at *5 (W.D. Mo. Feb. 12, 2016), *aff'd in part*, 887 F.3d 376 (8th Cir. 2018), and *aff'd in part*, 887 F.3d 376 (8th Cir. 2018) (granting motion in limine to exclude references to resources of Defendants' parent company); *Bruhn Farms Jt. Venture v. Fireman's Fund Ins. Co.*, 13-CV-4106-CJW, 2017 WL 752282, at *12 (N.D. Iowa Feb. 27,

4

2017) (granting motion *in limine* precluding plaintiff from introducing evidence of parent company's wealth or make any argument that jury should consider relationship between defendant and parent company in determine any damage award, including punitive damages, in the case); *Contour Ip Holding, LLC*, 3:17-CV-04738-WHO, 2021 WL 75666, at *3 (N.D. Cal. Jan. 8, 2021) (granting a motion *in limine* to exclude evidence about a party's executives' wealth and compensation, and holding that revealing executive wealth and compensation in a way unconnected to a particular disputed issue would have little, if any, probative value).

For these reasons, evidence related to the financial circumstances of Cyberdata, ProFax's parent company, and Mr. Potente, ProFax's CEO, is irrelevant to the legal issues in the case against ProFax, and therefore should be excluded under Fed. R. Evid. 401 and 402.

## II. INFORMATION REGARDING THE FINANCIAL CIRCUMSTANCES OF NON-PARTIES CYBERDATA AND PROFAX'S CEO WOULD BE HIGHLY PREJUDICIAL, CONFUSE THE ISSUES AND MISLEAD THE JURY.

Even if the Court were to find that evidence related to Cyberdata or Mr. Potente's respective financial situation was somehow "relevant" to the issues in the case, such evidence should still be excluded under Fed. R. Evid. 403.  Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Courts regularly grant motions to exclude evidence concerning the financial situation or wealth of a defendant's parent company or executives on the basis that that evidence risks undue bias or creates confusion for the jury. *See Reyes v. Aqua Life Corp.*, 10-23548-CIV, 2012 WL 12892213, at *2 (S.D. Fla. July 9, 2012) (granting motion to exclude evidence of the personal wealth, net worth, or income of any of its individual corporate owners and the individual owners' independent corporation as said information was unduly prejudicial, and likely to confuse or mislead the jury pursuant to Rule 403). Similarly, to allow Plaintiff to introduce a bald, out-of-context, years old social media post to suggest that Mr. Potente lives a lavish lifestyle (which ProFax clearly rebuts in its reply in further support of its motion for summary judgment), would risk undue bias on the part of the jury. *See Contour,* 2021 WL 75666, at *3 (granting motion *in limine* and holding that revealing defendant's executives' wealth and compensation would serve only to inflame and unduly bias the jury).

Because the introduction of evidence concerning the financial stability or wealth of non-parties Cyberdata and/or Ralph Potente would risk undue bias or confusion on the part of the jury as it relates to the legal issues of ProFax, such evidence should be excluded under Fed. R. Evid. 403.

## CONCLUSION

Because the financial circumstances of ProFax's parent company and Chief Executive Officer - who are not parties to this lawsuit - are wholly irrelevant to the issues in this case, evidence related to Cyberdata and Mr. Potente's finances is inadmissible under Fed. R. Evid. 401. Moreover, even if the Plaintiff could enunciate some relevance or

probative value provided by evidence related to these non-parties' financial situation, any probative value of that evidence is far outweighed by the likelihood that its introduction would unfairly prejudice ProFax, or unduly bias or confuse the jury, and thus should be excluded under Fed. R. Evid. 403.  Accordingly, this Court should enter an order excluding this evidence at trial.

      WHEREFORE, Defendant ProFax, Inc. respectfully moves the Court to enter an Order, *in limine*, precluding Plaintiff's attorney(s) and all trial witnesses, from directly or indirectly inquiring or speculating about, or mentioning throughout the course of trial including *voir dire*, opening statement, direct examination, cross-examination, evidence, argument, or closing argument, any documents, information or comments pertaining to the finances of ProFax's parent company, non-party Cyberdata or ProFax CEO, non-party Ralph Potente.

May 7, 2021

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By     /s/ *Mary Ann L. Wymore*
       Mary Ann L. Wymore, #44061
       mlw@greensfelder.com
       Peter W. Mueller, #70262
       pmueller@greensfelder.com
       10 South Broadway, Suite 2000
       St. Louis, Missouri 63102
       Telephone:  314-241-9090
       Facsimile:  314-241-8624

*Attorneys for Defendant ProFax, Inc.*

1902669

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of May, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

                                              */s/ Mary Ann L. Wymore*

1902669