**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LEVINE HAT CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1132-SNLJ |
| | ) |
| INNATE INTELLIGENCE, LLC, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT PROFAX, INC.'S MOTION *IN LIMINE*
TO EXCLUDE HEARSAY EVIDENCE RELATED TO
CORPORATE REPRESENTATIVE DEPOSITION OF
INNATE INTELLIGENCE, LLC/GARY EYLER**

Defendant ProFax, Inc. ("ProFax"), by and through its undersigned counsel, hereby moves this Court for an Order, *in limine*, precluding Plaintiff's attorney(s) and all trial witnesses, from directly or indirectly inquiring or speculating about, or mentioning throughout the course of trial including *voir dire*, opening statement, direct examination, cross-examination, evidence, deposition testimony, argument, or closing argument, pertaining to any verbal statements, communications, or representations allegedly made by former ProFax employee Colleen Rose during any telephone conversations with Gary Eyler in January 2016.  In support of its Motion, ProFax states as follows:

**INTRODUCTION**

ProFax anticipates that Plaintiff will seek to introduce into evidence a January 27, 2016, email from Gary "Rob" Eyler of Defendant Innate Intelligence, LLC to Colleen Rose, who was then a ProFax employee.  In the email, Mr. Eyler states "[P]lease add the

language we discussed regarding opt-out and professionalism." At the 30(b)(6) deposition of Innate Intelligence, LLC, Mr. Eyler testified regarding a telephone conversation he claims to have had with Ms. Rose, and in particular, testified to various representations he alleged Ms. Rose made on behalf of ProFax.  ProFax expects that Plaintiff may seek to introduce this testimony at trial either through Mr. Eyler if he appears as a live witness at trial or through Mr. Eyler's deposition testimony for purposes of proving alleged representations made by Ms. Rose on behalf of ProFax.

Mr. Eyler's testimony of this nature, whether live at trial or through his deposition testimony, constitutes inadmissible hearsay and must be excluded because it does not fall under any admissible exception.  Accordingly, ProFax seeks an Order from the Court excluding any live testimony or any reference to Mr. Eyler's deposition testimony concerning Mr. Eyler's alleged conversation(s) with Ms. Rose, including but not limited to the following specified excerpts from the transcript from Mr. Eyler's testimony as Innate's Rule 30(b)(6) Corporate Representative:

- o  14:7 – 21:22
- o  33:25 – 36:8
- o  93:21 – 94:4
- o  98:3 – 99:3
- o  102:6 – 104:1
- o  106:1 – 108:6
- o  109:3 – 111:6
- o  122:21 – 124:11
- o  126:20 – 127:25
- o  132:4 – 136:20
- o  141:4 – 142:8

1902670

o   143:24 – 146:10.

## ARGUMENT

Under the Federal Rules of Evidence, hearsay is not admissible unless provided otherwise by federal statute, the federal rules of evidence, or other rules prescribed by the Supreme Court.  Fed. R. Evid. 802. "'Hearsay'" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801.

Here, ProFax anticipates that Plaintiff will seek to introduce Mr. Eyler's deposition testimony for purposes of proving what Ms. Rose said during her conversation with Mr. Eyler, and what ProFax may have represented through Ms. Rose's statements.  Mr. Eyler's recitation of what Ms. Rose allegedly said outside of this court proceeding, which would be offered for the purpose of proving the truth of what specific representations Ms. Rose made to Mr. Eyler on behalf of ProFax, constitutes inadmissible hearsay.[1]  Accordingly, this Court should exclude evidence and references to Mr. Eyler's testimony concerning what representations and statements Ms. Rose made during their conversation prior to the January 27, 2016 email.

---

[1] When a declarant is unavailable, exceptions exist to the hearsay rule under Fed. R. Evid. 804 for former testimony; statements under the belief of imminent death; statements against interest; statements of personal or family history, and statements offered against a party that wrongfully caused the declarant's unavailability. Fed. R. Evid. 804.  None of these exceptions is applicable here.  Nor does Ms. Rose's alleged statement fall into an exception provided by Rule 803 for exceptions to the rule against hearsay regardless of whether the declarant is available as a witness, such as a present sense impression, excited utterance, statement made for medical diagnosis or treatment, or public record.  Fed. R. Evid. 801.

1902670

## CONCLUSION

WHEREFORE, Defendant ProFax, Inc. respectfully moves the Court to enter an Order, *in limine*, precluding Plaintiff's attorney(s) and all trial witnesses, from directly or indirectly inquiring or speculating about, or mentioning throughout the course of trial including *voir dire*, opening statement, direct examination, cross-examination, evidence, argument, or closing argument, any documents, information or comments pertaining to any deposition testimony of Innate Intelligence, LLC's corporation representative, Gary Eyler, regarding the January 27, 2016, email from Rob Eyler to Colleen Rose, or regarding any conversation Mr. Eyler alleges to have had with Ms. Rose prior to his sending the January 27, 2016, email.

May 7, 2021                    GREENSFELDER, HEMKER & GALE, P.C.


By ____/s/ *Mary Ann L. Wymore*_____
Mary Ann L. Wymore, #44061
mlw@greensfelder.com
Peter W. Mueller, #70262
pmueller@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:  314-241-9090
Facsimile:  314-241-8624

*Attorneys for Defendant ProFax, Inc*.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of May, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

____/s/ *Mary Ann L. Wymore*_____

1902670