UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVINE HAT CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1132-SNLJ |
| | ) | |
| INNATE INTELLIGENCE, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT PROFAX, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF UNRELATED LAWSUITS AGAINST PROFAX OR ITS CUSTOMERS

Defendant ProFax, Inc. ("ProFax"), by and through its undersigned counsel, hereby moves this Court for an Order, *in limine*, precluding Plaintiff's attorney(s) and all trial witnesses, from directly or indirectly inquiring about or mentioning throughout the course of trial including *voir dire*, opening statement, direct examination, cross-examination, evidence, argument, or closing argument, any documents, information or comments pertaining to any lawsuits that may involve ProFax or any of its ProFax customers.  In support of its Motion, ProFax respectfully states as follows:

### INTRODUCTION

This is an "unsolicited fax" case brought by Plaintiff Levine Hat Co. against defendants Innate Intelligence, LLC, Neptune Enterprises, LLC, and ProFax pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Plaintiff added

1902667

ProFax as a defendant in this suit because ProFax is the fax service provider used by Defendant Innate to send invitations to a free wellness lunch and learn.

In its Memorandum in Opposition to ProFax's Motion for Summary Judgment (Dkt. 222 at 8), Plaintiff baldly opines that "ProFax and its employees have appeared as a defendant or nonparty witness in dozens of cases" and argues that this constitutes "judicially noticeable public record evidence" which "shows that ProFax has been aware of the risks to its clients posed by TCPA noncompliance." In support of this allegation, Plaintiff cited three cases in which the defendants had used ProFax's fax services; notably, ProFax was *not* a defendant in any of the three cases Plaintiff specifically cited. Plaintiff further baldly insinuated, "These are but three examples. A cursory search on Westlaw turned up a total of 38 [unidentified] cases where ProFax was *mentioned* as a fax broadcaster in TCPA cases." (Emphasis added.]

Accordingly, ProFax reasonably anticipates that Plaintiff will seek to introduce at trial of this matter evidence of TCPA or other cases that may involve customers for whom ProFax provided fax broadcast services, but in which ProFax was not a defendant. Such unrelated cases are wholly irrelevant to the issues in this case even if ProFax actually ever served as a witness or actually was a defendant. Further, introduction of such evidence would have a substantial risk of unduly prejudicing ProFax, confusing the jury, and wasting time. Accordingly, this evidence should be excluded under Fed. R. Evid. 401, 402 and 403.

# ARGUMENT

**I. INFORMATION ABOUT OTHER TCPA LAWSUITS INVOLVING PROFAX OR ITS CUSTOMERS IS WHOLLY IRRELVANT, AND THEREFORE INADMISSIBLE UNDER RED. R. EVID. 401 AND 402.**

In its Response in Opposition to ProFax's Motion for Summary Judgment, Plaintiff baldly insinuates that ProFax somehow violated the TCPA because some of its customers may have been sued in the past for TCPA violations. (Dkt. 222, p.8.) In support of this absurdity, Plaintiff cited to three cases in its response (and suggests there are more than thirty other cases) in which ProFax's name was mentioned. Plaintiff failed to disclose, however, that ProFax was not a party in any of the cases cited, and merely was the fax service provider. Nor can Plaintiff state that ProFax was even aware of these cases. If any inference is to be drawn, it should be the reality that ProFax *has never* been found to be a fax service provider with a high degree of involvement in any case.

Certainly, the fact that ProFax provided fax services to other customers, some of whom were sued in unrelated lawsuits, has no relevancy to the issues against ProFax in this case. Under Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible" at trial. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under the TCPA, Plaintiff must prove that each fax at issue in this lawsuit: (1) was sent over ProFax's system, (2) was unsolicited (*i.e.*, was sent without the recipient's prior express invitation or permission), (3) was an advertisement, and (4) was sent to a telephone fax machine. Also, because ProFax is a "facsimile broadcaster" and does not meet the Federal

Communications Commission's definition of a "sender," Plaintiff must also prove that ProFax had a high degree of involvement in, or actual notice of, each specific unlawful transmission and failed to take steps to prevent it. This is a fact specific inquiry that must be done on a case by case, fax by fax, basis. Levitt v. Fax.com, No. 05-549, 2007 WL 3169078, at *3 (D. Md. May 25, 2007); See Forman v. Data Transfer, Inc., 164 F.R.D. 400, 404 (E.D. Pa. 1995); In the Matter of Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005, No. 05-338, 2019 WL 6712128 (OHMSV Dec. 9, 2019).

That ProFax was either a fax service provider or witness (or simply appears as a keyword in a case such that it would result in a "hit" on Westlaw) has absolutely no bearing on any of these issues, and has no relation to the faxes at issue in this case. Accordingly, references to these other cases to which Plaintiff alludes in its summary judgment briefing should be excluded at trial on grounds that they are irrelevant and inadmissible under Fed. R. Evid. 401 and 402.

**II.   ADMISSION OF INFORMATION REGARDING OTHER TCPA CASES INVOLVING PROFAX OR ITS CUSTOMERS IS WHOLLY IRRELVANT, WOULD BE HIGHLY PREJUDICIAL, CONFUSE THE ISSUES, MISLEAD THE JURY AND WASTE TIME.**

Even if the Court were to find that evidence that ProFax has been a non-party witness or service provider in other cases concerning alleged TCPA violations was somehow probative, such evidence still should be excluded under Fed. R. Evid. 403. Even relevant evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

4

jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

It is clear that Plaintiff would seek to introduce evidence of these other cases where ProFax was a fax service provider with the sole purpose of painting ProFax as a bad actor that must have violated the TCPA in this case. Plaintiff admits as much in its Opposition to Summary Judgment briefing, arguing without even an iota of evidence that, "This judicially noticeable public record evidence shows that ProFax has been aware of the risks to its clients posed by TCPA noncompliance, yet willfully, and repeatedly, led its customers off the cliff into an *abyss of liability*. (Dkt. 222, p 8) (Emphasis added.) Should Plaintiff be allowed to make similar inflammatory statements at trial, there is a grave danger of unfair prejudice to ProFax and that the jury will be misled to somehow infer that because ProFax also provided fax services to other customers who were sued for alleged TCPA violations, that it first should liability to ProFax in those cases, and then also should infer liability to ProFax here.[1] Because of the risk of unfair prejudice, any such case would virtually need to be relitigated here, wasting time and confusing the jury. Accordingly, any such "evidence" should be excluded under Fed. R. Evid. 403.

---

[1] This is particularly true given the cottage industry TCPA litigation has become in which fax services providers are often sued despite having no high degree of involvement in the faxing activity of their customers.

## **CONCLUSION**

Evidence pertaining to other TCPA cases in which ProFax or its customers were named or identified, whether as a party or a witness, is inadmissible and should be excluded from trial under Fed. R. Evid. 401, 402, and 403.

WHEREFORE, Defendant ProFax, Inc. respectfully moves the Court to enter an Order, *in limine*, precluding Plaintiff's attorney(s) and all trial witnesses, from directly or indirectly inquiring about or mentioning throughout the course of trial including *voir dire*, opening statement, direct examination, cross-examination, evidence, argument, or closing argument, any documents, information or comments pertaining to other lawsuits in which ProFax or its customers were named or identified, whether as a party or a witness.

May 7, 2021                                                      Respectfully submitted,

                                                 GREENSFELDER, HEMKER & GALE, P.C.

                                                 By   /s/ *Mary Ann L. Wymore*
                                                      Mary Ann L. Wymore, #44061
                                                      mlw@greensfelder.com
                                                     Peter W. Mueller, #70262
                                                     pmueller@greensfelder.com
                                                     10 South Broadway, Suite 2000
                                                     St. Louis, Missouri 63102
                                                     Telephone:  314-241-9090
                                                     Facsimile:  314-241-8624

                                               *Attorneys for Defendant ProFax, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of May, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

      */s/ Mary Ann L. Wymore*