UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVINE HAT CO., on behalf of itself and all other similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>INNATE INTELLIGENCE, LLC, et al., )<br><br>Defendants. ) | No. 4:16-cv-01132 SNLJ |

**MEMORANDUM & ORDER**

This Court granted summary judgment to plaintiff on May 11, 2021. At the same time, this this Court denied in part and held in abeyance defendant ProFax's motion to decertify. This Court requested additional briefing regarding the size and scope of the class, which was due June 11. Defendant ProFax filed its notice of bankruptcy on June 8, and the case was stayed. Plaintiff proceeded to file its additional briefing on June 11, and plaintiff filed a status update on November 15, 2021, advising that the bankruptcy stay could be lifted. There having been no further activity on the docket, this Court lifted the stay and advised that defendant ProFax and any other party could have until February 3, 2022 by which to file the additional briefing contemplated by the May 11, 2021 Order. That date has now passed, and no party filed additional briefing.

This Court granted plaintiff's motion to certify the class on February 9, 2018.

All persons who received a facsimile transmission sent by ProFax, Inc., on behalf of Innate Intelligence LLC or its chiropractic clinics between January 27, 2016 and July 13, 2016, as confirmed by either:

> (1) presence on a facsimile transmission log produced by Innate Intelligence LLC in this case showing one or more transmissions "sent" and complete"; or
>
> (2) presence on a list of those who opted out from receiving future faxes from Innate Intelligence LLC, produced by ProFax, Inc. in this case.

[Doc. 120.]

This memorandum presumes familiarity with this case and its underlying facts. As noted, defendant ProFax filed a motion to decertify the class as part of its motion for summary judgment on February 1, 2021. Although this Court denied the motion to decertify on the grounds ProFax raised, the Court stated

> the Court is mindful that the TCPA makes it "unlawful for any person ... to use any telephone facsimile machine, computer, or other device to send, <u>to a telephone facsimile machine</u>, an unsolicited advertisement…." 47 U.S.C. § 227(b)(1)(C) (emphasis added). As indicated above in the discussion of plaintiff's conversion claim, some of the 10,000-plus members of the class likely received the subject faxes via email and not on "a telephone facsimile machine." Accordingly, the parties are ordered to submit additional briefing on this issue that may include possibility of narrowing the class to include only phone numbers that received the subject faxes on a standalone telephone facsimile machine.

[Doc. 265 at 17-18.]

ProFax's primary argument for decertifying the class hinged on the FCC's recent declaratory ruling, *In the Matter of Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005*, CG 2019 WL 6712128, Docket Nos. 02-278 (Dec. 9, 2019). The *Amerifactors* decision, authored by the Consumer and Governmental Affairs Bureau, stated:

> By this declaratory ruling, we make clear that an online fax service that

> effectively receives faxes 'sent as email over the Internet' and is not itself 'equipment which has the capacity ... to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition.

2019 WL 6712128, at *1 ¶ 3 (quoting the 2003 FCC Order and § 227(a)(3)).  ProFax thus argued that the 10,000-member class would require 10,000 mini-trials to determine whether the fax they received was received over the Internet by email as opposed to on a physical fax machine.  As such, ProFax argued that the case was not amenable to class action.

However, this Court determined that the *Amerifactors* decision, which again was issued by the Consumer & Governmental Affairs Bureau, did not appear to constitute a "final order" of the FCC under the Hobbs Act, 28 U.S.C. § 2342(1).  *See Mussat v. IQVIA Inc.*, 17 C 8841, 2020 WL 5994468, at *3 (N.D. Ill. Oct. 9, 2020); *but see Advanced Rehab & Med., P.C. v. Amedisys Holding, LLC*, 117CV01149JDBJAY, 2020 WL 4937790, at *3 (W.D. Tenn. Aug. 24, 2020) (finding that, although not a final FCC order, the *Amerifactors* decision was entitled to Chevron deference and modified the class definition accordingly), and *True Health Chiropractic Inc. v. McKesson Corp.*, 13-CV-02219-HSG, 2020 WL 7664484, at *7 (N.D. Cal. Dec. 24, 2020) (holding that under Ninth Circuit precedent, "Amerifactors is a final, binding order for purposes of the Hobbs Act").  Regardless, the Sixth Circuit in *Lyngaas v. Ag*, 992 F.3d 412, 427 (6th Cir. 2021), recently held that the Amerifactors decision was not retroactive.

Thus, this Court held the *Amerifactors* decision did not require reconsideration of this Court's certification decision.  Regardless, the TCPA makes it "unlawful for any

person ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement….." 47 U.S.C. § 227(b)(1)(C) (emphasis added). The parties were thus ordered to submit additional briefing on this issue.

Only plaintiff has filed the additional briefing invited by the Court. Plaintiff notes that defendant bears the burden to show the class should be decertified. *Day v. Celadon Trucking Services, Inc.*, 827 F.3d 817, 831 (8th Cir. 2016).

This Court declines to decertify the class or otherwise amend the definition. Again, only plaintiff responded to the Court's invitation to file further briefing. Plaintiff maintains that a 2003 FCC ruling is controlling. *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14133 (2003) ("the 2003 Ruling"). There, the FCC concluded that "telephone facsimile machine" "broadly applies to any equipment that has the capacity to send or receive text or images," including "personal computers equipped with, or attached to, modems and to computerized fax servers." *Id.* The 2003 Ruling included one exception: "we clarify that the prohibition does not extend to facsimile messages sent as email over the internet." *Id. See also In the Matter of Westfax, Inc. Petition for Consideration & Clarification*, 30 F.C.C. Rcd. 8620, 8623-24 (2015) ("a fax sent as email over the Internet…is not subject to the TCPA"). Plaintiff states that because the Subject Faxes were not sent as email over the internet, the Subject Faxes are subject to the TCPA and the class definition should not be modified. This Court agrees on this record.

Accordingly,

IT IS HEREBY ORDERED that the motion to decertify is DENIED, and this Court further declines to revise the previously approved class definition.

IT IS FURTHER ORDERED that plaintiff shall submit a proposed order consistent with this opinion implementing the Court's grant of summary judgment.

Dated this __7th__ day of April, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE